# EXHIBIT "A"

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,                )
                                                              )
          Plaintiff,                                  )
                                                              )          CIVIL ACTION FILE NUMBER:
v.                                                         )          CE22-00590
                                                              )
JAMES BRADFORD THOMAS and    )          _____
MARTEN TRANSPORT, LTD.,          )
                                                              )          JURY TRIAL DEMANDED
          Defendants.                             )

### SUMMONS

THE STATE OF GEORGIA:

To all and singular sheriffs of said state:

          YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**MARTEN TRANSPORT, LTD.**
**c/o C T CORPORATION SYSTEM, as Registered Agent**
**289 S. Culver Street**
**Lawrenceville, Georgia 30046-4805**

          Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Jeffrey J. Humphries, Esquire, Morgan & Morgan, P.A.,** 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, **within thirty (30) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

          WITNESS my hand and seal of this Court on this ___2___ day of ___JUNE_____, 2022.

                                        SUPERIOR
                              Clerk of the ~~Circuit Court~~
                              /s/ Robin Mcgregor

                              By_____
                              As Deputy Clerk

FILED - RM
GLYNN CO. CLERK'S OFFICE
Filed 6/2/2022 12:00 PM
Accepted 6/2/2022 12:44 PM
CASE # CE22-00590
Rondell M Adams
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JONATHAN HERNANDEZ, | )      JUDGE STEPHEN KELLEY |
|      Plaintiff, | ) |
| v. | )      CIVIL ACTION FILE NUMBER: |
| | )      CE22-00590 |
| JAMES BRADFORD THOMAS and | ) |
| MARTEN TRANSPORT, LTD., | ) |
| | )      JURY TRIAL DEMANDED |
|      Defendants. | ) |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and states his Complaint against Defendants, JAMES BRADFORD THOMAS and MARTEN TRANSPORT, LTD., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, JONATHAN HERNANDEZ, is a resident of the State of Georgia.

2.

Defendant, JAMES BRADFORD THOMAS, was the driver of the tractor trailer involved in the subject collision and is a citizen and resident of the State of South Carolina, whose last known residence is 216 Summerhill Drive, Columbia, SC 29203-9564. Defendant, JAMES BRADFORD THOMAS, is subject to the jurisdiction of this Court and may be served by personal service of the Summons and Complaint at that address.

3.

Defendant, MARTEN TRANSPORT, LTD., is a Foreign Profit Corporation authorized to do business in the State of Georgia, with its principal office located in Mondovi, Wisconsin, and

is subject to the Jurisdiction of this Court. Defendant, MARTEN TRANSPORT, LTD., may be served by issuing Summons and a second original of this Complaint through its Registered Agent for service, C T CORPORATION SYSTEM, at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.

Defendants, JAMES BRADFORD THOMAS and MARTEN TRANSPORT, LTD., are joint tortfeasors and as such, venue as to all Defendants is proper in Glynn County, Georgia.

## COUNT I
## NEGLIGENCE OF DEFENDANT, JAMES BRADFORD THOMAS

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about November 13, 2021, at approximately 4:13 a.m., Plaintiff, JONATHAN HERNANDEZ, was standing at the driver's side rear door of his vehicle, which was stationary on Interstate 95 North on the ramp to exit 29.

7.

On or about the same time and place, Defendant, JAMES BRADFORD THOMAS, was operating a tractor trailer traveling north on Interstate 95 in the right lane of travel, when he negligently, recklessly, carelessly and unlawfully operated said tractor trailer so as to cause it to collide with Plaintiff and Plaintiff's vehicle.

8.

As a result of the collision, Plaintiff, JONATHAN HERNANDEZ, suffered multiple life threatening injuries.

9.

At all relevant times, Defendant, JAMES BRADFORD THOMAS, owed certain civil duties to Plaintiff, JONATHAN HERNANDEZ. Notwithstanding those duties, Defendant, JAMES BRADFORD THOMAS, did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving the tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

b.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

c.   In failing to observe or undertake the necessary precautions to keep the tractor trailer from colliding with the Plaintiff and Plaintiff's vehicle in violation of O.C.G.A. § 40-6-390;

d.   In driving the tractor trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e.   In driving the tractor trailer in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant, JAMES BRADFORD THOMAS' violations of the aforementioned duties of care constitute negligence *per se.*

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, JAMES BRADFORD THOMAS, Plaintiff, JONATHAN HERNANDEZ, has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, JONATHAN HERNANDEZ, has incurred in excess of $25,000.00 in past medical expenses.

## COUNT II
## NEGLIGENCE OF DEFENDANT, MARTEN TRANSPORT, LTD.

12.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 11 above as if they were fully restated verbatim.

13.

At all relevant times, Defendant, JAMES BRADFORD THOMAS, was an employee and agent of Defendant, MARTEN TRANSPORT, LTD., and Defendant, JAMES BRADFORD THOMAS, was driving the tractor trailer within the course and scope of his employment with Defendant, MARTEN TRANSPORT, LTD.

14.

Defendant, MARTEN TRANSPORT, LTD., is liable for the acts and omissions of Defendant, JAMES BRADFORD THOMAS, as Defendant, MARTEN TRANSPORT, LTD.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

15.

Defendant, MARTEN TRANSPORT, LTD., negligently hired, retained, and supervised Defendant, JAMES BRADFORD THOMAS.

16.

Defendant, MARTEN TRANSPORT, LTD., negligently entrusted the tractor trailer to Defendant, JAMES BRADFORD THOMAS, when they knew or should have known that their driver was incompetent or unfit to perform the duties given to the driver by the company.

17.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, MARTEN TRANSPORT, LTD., Plaintiff, JONATHAN HERNANDEZ, has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, JONATHAN HERNANDEZ, has incurred in excess of $25,000.00 in past medical expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JONATHAN HERNANDEZ, respectfully prays and demands as follows:

a.    That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.    That service be had upon Defendants as provided by law;

c.    That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and

appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

This 2nd day of June, 2022.

Respectfully submitted,

**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:35 PM
CASE # CE22-00590

Ronald M Adams
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,       )
                            )
      Plaintiff,            )
                            )     CIVIL ACTION FILE NUMBER:
v.                         )     CE22-00590
                            )
JAMES BRADFORD THOMAS and  )
MARTEN TRANSPORT, LTD.,     )
                            )     JURY TRIAL DEMANDED
      Defendants.        )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT, MARTEN TRANSPORT, LTD.

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, hereby requests that

Defendant, MARTEN TRANSPORT, LTD., admit for the purpose of this action the truth of the

following facts within thirty (30) days after the date of service hereof and in conformity with

O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail

the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the

request in its entirety, please specify that part which you cannot admit or deny and state in detail

the reasons for any such qualifications. If you assert any claim of privilege in response to any or

all of these requests, set forth, with respect to each such request(s) as to which a claim of

privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.)

and the basis for your claim.

The matters requested admitted are the following:

1.

That at the time of the subject accident, Defendant, JAMES BRADFORD THOMAS,

operated the tractor trailer in Glynn County, Georgia.

2.

That Defendant, JAMES BRADFORD THOMAS, was negligent in the operation of said tractor trailer which resulted in a collision with Plaintiff and Plaintiff's motor vehicle on or about November 13, 2021.

3.

That at the time, Defendant, JAMES BRADFORD THOMAS, was operating the tractor trailer while in the course and scope of employment of Defendant, MARTEN TRANSPORT, LTD.

4.

That Plaintiff, JONATHAN HERNANDEZ, was injured in the subject accident.

5.

That Plaintiff, JONATHAN HERNANDEZ, suffered a permanent injury within a reasonable degree of medical probability resultant of the subject accident.

6.

That Plaintiff, JONATHAN HERNANDEZ, was not guilty of negligence which caused or contributed to the subject accident.

7.

That Plaintiff, JONATHAN HERNANDEZ, incurred medical expenses for treatment of injuries resulting from the subject accident.

8.

That Plaintiff, JONATHAN HERNANDEZ.'s medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

This Request for Admission is served upon you together with Plaintiff's Complaint and Summons.

2

This 6th day of June, 2022.

Respectfully submitted,

**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

3

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:35 PM
CASE # CE22-00590

*Ronald M Adams*
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,                )
                                    )
    Plaintiff,                  )
                                    )          CIVIL ACTION FILE NUMBER:
v.                                  )                CE22-00590
                                    )
JAMES BRADFORD THOMAS and           )          _____
MARTEN TRANSPORT, LTD.,             )
                                    )          JURY TRIAL DEMANDED
    Defendants.             )

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO
## DEFENDANT, MARTEN TRANSPORT, LTD.

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and hereby requests that pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., that the above Defendant respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202.

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant respond to these and all future discovery requests by producing the requested information and documents separately identified according to request number and identifying the documents produced by stating which numbered request they respond to. Plaintiff requests that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to

\

this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS AND DEFINITIONS

A.      This request to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or documents if Defendant(s) or his/her attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff also requests that Defendant produce the originals of each document at trial, and any deposition of Defendant(s) or its agents or employees.

B.      Each request seeks information available to MARTEN TRANSPORT, LTD. and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to MARTEN TRANSPORT, LTD., it's attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in MARTEN TRANSPORT, LTD.'s behalf.

C.      "Plaintiff" means the Plaintiff, JONATHAN HERNANDEZ, and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

D.      The terms "Driver" and "Defendant Driver" refer to Defendant, JAMES BRADFORD THOMAS.

E.      The term "Carrier" refers to Defendant MARTEN TRANSPORT, LTD..

F.      As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

2

G.      The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

H.      "Identify" or "describe" or "description":

1)  when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

2)  when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

3)  when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

4)  when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5)  when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

3

I.    The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

J.    As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

K.     The term "Crash" means the crash that gives rise to this suit, which occurred on or about November 13, 2021, Glynn County, Georgia.

L.     The term "Truck" refers to the truck with VIN# 1XKYD49X9MJ432105 and accompanying trailer involved in this Crash.

M.     As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

N.     The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

O.     The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer(s) or cargo including: communication devices (e.g. cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDA's, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g. hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g. dash cams, go pro's, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control

modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g. remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g. VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems; any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g. televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g. Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

P.      In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking,

6

you are required to supply the following information in your response or in a separate

privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;
4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;
8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and
9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

Q.    It is requested that the document or other items submitted in response to this Request to

Produce be organized and labeled according to the individual paragraphs of the request to

which they are responsive, and within each group, arranged in chronological order.

R.    A response to this Request to Produce is due within thirty (30) days after service of this

Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South

Laura, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may

agree.  Authentic copies of document(s) may be supplied, provided that existing originals

are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.

A copy of your OP-1 Application for Operating Authority filed with any government

agency.

2.

A copy of your MCS-150 forms filed with any government agency for the last 5 years.

3.

Any documents relating to the agreements between and consideration for your company utilizing any other defendants' U.S. D.O.T. number or operating authority to deliver goods in interstate or intrastate commerce using commercial motor vehicles.

4.

For each person, entity, truck, trailer or other transportation equipment involved in the Crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you or any other defendant had in effect at the time of the Crash, whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

5.

Copies of all reservation of rights letters and/or agreements regarding any insurance coverage for the Crash.

6.

An organizational chart of your company at the time the Driver was hired, at the time of the Crash and today.

7.

An organizational chart showing the relationship between all MARTEN TRANSPORT, LTD. entities and any named defendant in this case.

8.

A list of all subsidiary, related, parent, wholly or partially owned entities of any named defendant in this case.

9.

A copy of each document retention policy in effect for you at the time of the Crash and now.

10.

All manuals, videos, books or other similar documents used to train your commercial motor vehicle drivers for two years prior to the date of the Crash and through today.

11.

All documents and materials relating to your maintenance annual inspections policies and reports for the relevant time period.

12.

All documents and materials relating to your maintenance policy and procedures for the relevant time period.

13.

All company newsletters distributed during the time period beginning two years before the Crash to present.

14.

Transcripts or recordings of all depositions, trial testimony or other sworn testimony of corporate designees for you given in the past five years for any reason and in the past ten (10) years in any case where it was alleged that a driver or other employee or agent working for you caused injury or death to another person.

15.

Internal policies and procedures or safety materials of any defendant in effect on the date of the Crash (whether or not provided to any of its drivers, dispatchers, safety directors, operation managers and/or auditors).

16.

Any and all audits of, and/or reports to, any other defendant or government agency in the five years before the Crash and any since the Crash.

17.

All Compliance Reviews or Safety Audits of your company (as defined by 49 C.F.R. §385.3) performed by any government agency during the five years prior to the date of the Crash.

18.

All Safety Management Controls (as defined by 49 C.F.R. §385.3) that your company had in effect on the date of the Crash.

19.

All safety ratings (as defined by 49 C.F.R. §385.3) issued to your company by any government agency for the five (5) years prior to and on the date of the Crash.

20.

All notifications of safety ratings or fitness (as referenced in 49 C.F.R. §385.11) provided to your company by any government agency for five (5) years prior to date of the Crash to present.

21.

All requests submitted by you for an administrative review to change your safety rating pursuant to 49 C.F.R. §385.15 from five (5) years prior to the date of the Crash to present.

22.

All reports of audits performed by any government agency for or relating to your company for five (5) years prior to the date of the Crash to present.

23.

A copy of the entire accident or crash register maintained by you pursuant to 49 C.F.R. §390.15 or for any other purpose.

24.

All documents, records, and reports regarding any and all incidents or accident reports for five years before this Crash to present.

25.

Photographs or color copies of all signs, posters, placards, or other visible safety messages, logos or warnings posted and visible to drivers or other employees or agents during the relevant time period.

26.

All promotional materials, manuals, presentations, estimates, quotes, technical data, feasibility studies, cost benefit analyses or other documents reflecting any safety measure for your company, your employees, your drivers, your trucks, trailers, equipment or otherwise that has been considered or implemented by your company in the last ten years, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

27.

Any documents regarding the Defendant Driver's employment or agency with you or any other defendant covering the time period from the date when the Defendant Driver first became employed or contracted, up until the date of your response to this request, specifically including the Crash date.

28.

Any documents relating to any lease agreements or contracts between you or any other defendant and the Defendant Driver pertaining to the Truck.

29.

If applicable, all forms completed by either you or the Defendant Driver that were submitted to any government agency concerning any crashes involving the Defendant Driver during the period of the Defendant Driver's employment with you or any other defendant.

30.

The entire contents of all files relating to the Defendant Driver not otherwise produced, including personnel, payroll, discipline, or any other files.

31.

All initial or rough trip reports, settlement sheets or other documents, along with all final pay or accounting documents, or computer printouts showing trips run, miles driven, cargo or equipment delivered, expenses incurred and payments made to Defendant Driver in reference to any trip or trips for the seven (7) days before and the date of this Crash.

32.

The Defendant Driver's record of duty status or driver daily logs and all documents or electronic data or information that provide date, time and/or location information to audit or

verify the those logs for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash, including each and every version or draft of each daily log.

33.

The Driver's Vehicle Inspection Reports (DVIR) including any pre and post trip inspections for any vehicles operated by the Defendant Driver for the week of, the week before, the day of and the week after the Crash.

34.

All toll, fuel or other expense receipts relating to the Defendant Driver while operating any vehicles owned, leased or controlled by you or any other defendant for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash.

35.

Any audits or reviews performed at any time of Defendant Driver's record of duty status, Daily or Multi-Daily Logbooks, expenses, Bills of Lading and/or any other work for the Defendant Driver or any other safety or compliance audit or review.

36.

A copy of all documents relating to any violation of any safety rule or principle by Defendant Driver at any time.

37.

All documents placing you on notice of any violation by Driver of any law, ordinance or regulation, including roadside inspections and reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

13

38.

All documents of any kind that relate to any action (formal or informal) by you or any supervisor or manager or anyone working by or on your behalf or any other defendant directed to Driver for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Driver in any way relating to the safe operation of a commercial vehicle, including all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

39.

All documents not otherwise requested or produced relating to any and all blood, urine, hair or other type of drug or alcohol testing of Driver in your possession, custody and/or control.

40.

The complete maintenance files, records and invoices on the Truck, and all other transportation equipment involved in the Crash, including any inspections, repairs or maintenance, as well as daily condition reports from two years prior to the Crash through the time of the return of the Truck to service following the Crash.

41.

A copy of the title, registration and any other ownership documents for the Truck and other transportation equipment involved in the Crash.

42.

Any document that relates to the make, model, features, accessories, year and identification number(s) of the Truck and other transportation equipment involved in the Crash.

43.

Any documents relating to all persons, corporations or entities who were registered title owners and/or had ownership interest or right to control the Truck and other transportation equipment involved in the Crash, or the nature of their ownership interest or right to control it.

44.

All records, receipts, advertising, promotional materials, manuals, installation records, and any other documents relating to any aftermarket improvements or alterations to the tractor or trailer(s) at any time.

45.

All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any electronic device or communications device in or on the tractor, trailer, transportation equipment or cargo at the time of the Crash.

46.

All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any factory options or settings for OEM equipment on the Truck, transportation equipment or cargo at the time of the Crash.

47.

The lease for the Truck in effect as of the date of the Crash.

48.

The trip lease in effect as of the date of the Crash for the Truck.

49.

Any and all records for the Truck generated pursuant to 49 C.F.R. §396.3 during the relevant time period.

50.

Any and all records for the Truck generated pursuant to 49 C.F.R. §396.9 during the relevant time period.

51.

Any and all records for the Truck generated pursuant to 49 C.F.R. §396.11 during the relevant time period.

52.

All materials, manuals, technical data, cost or other documents reflecting any safety measure on the Truck or equipment involved in the Crash, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

53.

Any and all documents showing the type, installation, location, usage, capabilities, and description of any electronic device in or on the Truck or cargo at the time of the Crash.

54.

For each electronic device, if any data is available (whether or not downloaded or retrieved) color images or copies of any download, report, video, audio, GPS data, or other data that relates to the operation of the Truck for the thirty (30) days before, the date of the Crash and seven days after.

55.

All records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device, GPS, dash camera, or any other device capable of communicating with people or entities outside the Truck on the date of the Crash.

56.

For each communication capable electronic device applicable to the preceding request, all bills, invoices, reports or other documents showing any use of that electronic device for the 30 days before, the date of the Crash and seven days after.

57.

Color copies or images of all information, data available from or downloaded from the Electronic Control Module or any other electronic device or system for the Truck being operated at the time of the Crash.

58.

Copies of all e-mails between you and Driver for the time period beginning 90 days prior to the Crash to present.

59.

Copies of all communications and transmissions between you and the Defendant Driver that were transmitted through any electronic device on-board of the Truck involved in the Crash for the period beginning 30 days before the Crash and ending seven days after the Crash.

60.

Any documents or GPS data relating to the Driver's point of origin (where he was coming from) and destination (where he was heading) at the time of the Crash, including all

stops made or to be made that day, any deadlines or route scheduling sheets any route planning for the day of the Crash.

61.

Any and all accident and/or incident reports and investigations prepared by any defendant as a result of the Crash, other than the police report.

62.

Any photographs, movies, surveillance footage, security footage, and/or videotapes taken by anyone related to the Crash, that reflect the scene of the Crash, the vehicles involved or of any of the parties to this cause for the day of the Crash.

63.

A legible color image or copy of any drawings or diagrams that reflect the scene of the Crash, the vehicles involved or any of the parties to this cause.

64.

A copy of the application and/or claims for benefits and/or claims for payments submitted for personal injuries and/or property damage as a result of the Crash.

65.

Any documents regarding any damages or losses suffered by any defendant as a result of the Crash, including property damage or money you had to pay for damage to the person or property of someone else.

66.

Any statements, either written or recorded, made by Plaintiff pertaining to the Crash described in the Complaint.

67.

Accident files, records, reports or any other documents of whatever nature relating to the Crash sent by, or on behalf of, any defendant to any government agency.

68.

Color copies of photographs taken of the Plaintiff, any defendant, the crash scene, or any persons or vehicles involved in the Crash that purport to show any injuries and/or damages.

69.

Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo or personal property involved in the Crash.

70.

Any photographs, movies and videotapes that you intend to use in any deposition taken in this cause, including any that reflect the scene of the Crash, the vehicles involved in the Crash or of any of the parties to this cause.

71.

Any photographs, movies and videotapes that you intend to use at the trial of this cause, including any that reflect the Plaintiff, the scene of the Crash or the vehicles involved.

72.

All documents that set forth any facts leading up to the Crash.

73.

All documents that support the affirmative defenses raised in your Answer.

74.

All documents relating to any citations charged against you or your Driver as a result of the Crash.

19

75.

Any exhibits prepared by you or the Driver that you intend to use at the trial of this cause.

76.

All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving on the date of the Crash.

77.

All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver while he was driving on the date of the Crash.

78.

All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving at the time of the Crash or within 30 minutes before or after the Crash.

79.

All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver at the time of the Crash or within 30 minutes before or after the Crash.

80.

Dispatch records (written or electronic) indicating assignment of the Truck to the Defendant Driver and his instructions to pick up and deliver any cargo, the dates and times of pickup and delivery and any other factors related to deliveries made or to be made on the day of this Crash.

81.

Any driver call-in records or other written or electronic records indicating communications between any defendant and the driver on the day of the Crash, including any reference to the movement of the Truck, the cargo, the equipment and/or the Driver on the day of this Crash.

82.

All blanket or specific permits applicable to the load being transported at the time of the Crash, the Defendant Driver, or the Truck or other transportation equipment being used at the time of the Crash.

83.

Any and all documents relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or cargo being transported in the Truck at the time of the Crash for the transportation cycle.

84.

Any and all documents relating to the entire transportation cycle for all cargo on the Truck at the time of the Crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

85.

Any and all documents relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for all cargo on the Truck at the time of the Crash.

86.

Any and all documents relating to the delivery or receipt of the materials or goods hauled by the Defendant Driver on the date of the Crash.

87.

All contracts, leases, or other written agreements between you and any other defendants in this matter in effect during the relevant time period, including those relating to the transportation of cargo on the Truck at the time of the Crash.

88.

All invoices, evidence of payments, communications and other documents exchanged or between any defendants during the relevant time period.

89.

Any and all documents regarding the termination of any contracts, leases, or other written agreements between you and any other defendants, if any, in this matter.

90.

Any and all communications regarding this Crash, your safety record, or your relationship, with any other named defendant in this case, including any employee, agent, attorney, expert, contractor or other representative of any other defendant.

91.

Any joint defense or joint representation agreements between you or your attorneys and any other defendant(s) or defense attorney(s) relating to this Crash or the claims being made in this lawsuit.

This Request to Produce is served upon you together with Plaintiff's Complaint and Summons.

This 6th day of June, 2022.

Respectfully submitted,

**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:35 PM
CASE # CE22-00590

*Rondell M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,     )
                                   )
     Plaintiff,              )
                                   )     CIVIL ACTION FILE NUMBER:
v.                         )           CE22-00590
                                   )
JAMES BRADFORD THOMAS and     )
MARTEN TRANSPORT, LTD.,     )
                                 )     JURY TRIAL DEMANDED
     Defendants.           )

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT, MARTEN TRANSPORT, LTD.

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and hereby requests that pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, Defendant respond to the following written interrogatories under oath within the time permitted by law. Each of the following interrogatories shall be deemed continuing; and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e).

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant include within the four corners of the response to these interrogatories and all future interrogatories not only the responses, but also the interrogatories as propounded. This courtesy is requested for the convenience of all parties and the Court so that both can be reviewed in order from examining one document.

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to

this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS

1.      These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

2.      Defendant shall serve answers to these interrogatories separately and under oath within thirty (30) days from the date of service.

3.      In providing its response, Defendant is requested to furnish all information available to it, including information available to Defendant or obtainable to Defendant from its employees, agents, representatives, investigators, and attorneys.

4.      If Defendant cannot answer an interrogatory in full after exercising due diligence to secure the information, it is requested to so state and answer to the extent possible, specifying its inability to answer the remainder of the interrogatories, stating whatever information or knowledge it has concerning the unanswered portions of the interrogatories and stating why it is unable to answer the unanswered portions.

5.      If you contend that you are entitled to withhold from production any document identified in an answer on the basis of attorney/client privilege, the work product privilege, or any other ground, you are required to supply the following information in your answer as to each such document:

   (1)     Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
   (2)     State the date listed on the document;
   (3)     Identify the persons who sent and received the original and/or any copy(ies) of the document;

2

(4)    Identify the custodian of the document;

(5)    State the subject matter of the document;

(6)    State the basis upon which you contend you are entitled to withhold the document from production,

(7)    The specific basis for the assertion of such privilege,

(8)    The author of each such document,

(9)    The present location of any and all copies of each said document; and,

(10)    The label name or description of each file where the original or copy of the document is kept or located and any file numbers used in connection with it.

## DEFINITIONS

For the purpose of these interrogatories, the following definitions shall apply:

A.    "Plaintiff" means Plaintiff, JONATHAN HERNANDEZ, and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

B.    Each interrogatory seeks information available to MARTEN TRANSPORT, LTD. and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to MARTEN TRANSPORT, LTD., MARTEN TRANSPORT, LTD.'s attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in MARTEN TRANSPORT, LTD.'s behalf.

C.    The terms "THOMAS" and "Driver" refer to Defendant, JAMES BRADFORD THOMAS.

D.    The terms "Carrier" and "Company" refer to Defendant, MARTEN TRANSPORT, LTD.

E.    As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

3

F.   The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

G.   "Identify" or "describe" or "description":

1)   when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

2)   when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

3)   when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

4)   when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who

4

initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5)    when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

H.    The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts,

5

income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

I.     As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

J.     The term "Crash" means the crash that gives rise to this suit, which occurred on or about November 13, 2021, Glynn County, Georgia.

K.     The term "Truck" refers to the truck with VIN# 1XKYD49X9MJ432105 and accompanying trailer involved in this Crash.

L.     As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

M.     The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

N.   The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer or cargo including: communication devices (e.g., cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDAs, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g., hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g., dash cams, Go Pros, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g., remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g., VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems; any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g., televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems,

cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g., Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

O.     In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;
4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;
8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and
9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

**INTERROGATORIES**

1.

What are the names, telephone numbers and addresses of all persons taking part in answering these interrogatories, and, if applicable, the persons' official position or relationship

with the party to whom the interrogatories are directed at the time of the Crash and when answering these interrogatories?

2.

Please identify the person or persons who held each of the following positions on the date of the Crash, and please identify by whom each such person was employed:

a.     The Chief of Operations;

b.     The Safety Director;

c.     The Head of Maintenance;

d.     The Head of Dispatch;

e.     The Dispatcher of THOMAS on the trip that resulted in the Crash;

f.     All persons involved in negotiations with any defendant; and,

g.     The person(s) responsible for performing the annual or other periodic review of the driving or safety record of THOMAS.

3.

Describe any and all insurance policies you or any other defendant had that had a coverage period that included the date of the Crash, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies; and for each include the name of the insurance company providing the coverage, the extent of each coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage, the policy number of each policy, whether the insurer has offered or provided a defense under a reservation of rights or otherwise contested or raised defenses to providing coverage for this Crash or the

claims asserted in this lawsuit, and describe any other claims being asserted against the policy, from this Crash or during the same policy period, that would reduce the amount of coverage available for the claims asserted in this lawsuit or from the Crash.

4.

Identify every insurance agent with whom you conducted business or through whom you purchased any policy of insurance during the past five years, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies.

5.

Describe in detail each act or omission on the part of any party to this lawsuit or nonparties that you contend constituted negligence that was a contributing legal cause of the Crash and/or damages claimed in the suit.

6.

Do you contend that any mechanical or maintenance defect or other problem in the Truck or cargo contributed to the Crash? If so, describe the nature of the defect and how it contributed to the Crash.

7.

Do you contend that any person or entity other than the Driver is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each such person or entity of your contention.

8.

What cargo or products, if any, was the Driver transporting at the time of the Crash, where and when did the Driver pick up the load, and identify the persons or entities (brokers, logistics companies, freight forwarders) that loaded the cargo or products in the trailer, where and when the load was to be delivered and any schedules or deadlines for the load deliveries.

9.

Have you been a defendant in any other personal injury or wrongful death lawsuits arising out of motor vehicle or commercial motor vehicle crashes during the last 5 years? If so, provide the following information for each:

a.      the date of the incident forming the basis of the injury claimed;

b.      the location of the incident giving rise to the claim;

c.      describe the incident;

d.      identify the person injured or killed;

e.      identify the lawyer(s) who represented any party to the lawsuit;

f.      the date the litigation was filed;

g.      the court in which it was filed;

h.      the case name and style;

i.      the case number; and

j.      describe the date and type of disposition of the case.

10.

Describe your relationship with each defendant at the time of the Crash, including the nature of the relationship and legal status (e.g. employee, contractor, partner, etc.), how long the entities have conducted business together, what terms, conditions, and/or agreements existed

between the entities at the time of this Crash, describe all documents that evidence the agreements (contracts, material term sheets, memoranda of understanding, etc.) and identify by name, title and address the people within your Company that have the most knowledge about each relationship.

11.

Describe in detail all policies, procedures, rules, guidelines, directives, manuals, handbooks, training and education (including on the job training) in place by Defendant at the time of the Crash that in any way related to the operation, maintenance, inspection or use of a commercial motor vehicle.

12.

Please describe the entire transportation cycle for all cargo on the Truck on the date of the Crash, including from purchase of the items from the seller or shipper to delivery to the end consumer that was to receive the deliveries, including the following information: identify all shippers, motor carriers, brokers, logistics companies, freight forwarders, drivers, receivers and all other persons or entities involved; describe all payments, consideration and monies to be paid or received; and identify any and all communications and documents that relate to any aspect of the transportation cycle, the deliveries or receipt of the cargo being transported the day of the Crash or the information requested.

13.

Please state whether you utilized any third party person or entity to consult on or perform any driver qualification, recertification, review or training, route planning, dispatching, accident investigation, compliance, or any other safety or driving functions during the relevant time period. If so, for each describe the nature of the relationship and the legal status (e.g. employee,

12

contractor, partner, etc.); the services or material terms and consideration for each party; how long the entities have conducted business together; what terms, conditions, and/or agreements existed between the entities at the time of this Crash; identify by name, title and address the people within your Company that have the most knowledge about each relationship; and describe all documents that evidence the agreements between you and the third party and any documents exchanged regarding this Crash or the defendants in this case.

14.

Describe the entire contents of the cargo on the Truck on the date of the Crash, including the number and type of deliveries, the total weight of the Truck when it was first loaded and at the time of the Crash, and the location and number of deliveries or stops remaining on the Truck at the time of the Crash.

These Interrogatories are served upon you together with Plaintiff's Complaint.

This 6th day of June, 2022.

Respectfully submitted,

**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

13

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,      )

      Plaintiff,            )

v.                        )

JAMES BRADFORD THOMAS and      )
MARTEN TRANSPORT, LTD.,      )

      Defendants.

CIVIL ACTION FILE NUMBER:

CE22-00590
_____

JURY TRIAL DEMANDED

*6/11/22 3:45pm*

### SUMMONS

THE STATE OF GEORGIA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request to Produce, and Request for Admissions in the above-styled cause upon the Defendant:

**JAMES BRADFORD THOMAS**
**216 Summerhill Drive**
**Columbia, SC 292039564**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Jeffrey J. Humphries, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, <u>within thirty (30) days after service of this Summons upon you</u>,** exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

      WITNESS my hand and seal of this Court on this ____2____ day of ____JUNE____, 2022.

                                 Clerk of the ~~Circuit~~ SUPERIOR Court
                                 /s/ Robin Mcgregor

                                 By_____
                                 As Deputy Clerk

FILED - RM
GLYNN CO. CLERK'S OFFICE
Filed 6/2/2022 12:00 PM
Accepted 6/2/2022 12:4? PM
CASE # CE22-00590

*Rendal M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JONATHAN HERNANDEZ, | ) | JUDGE STEPHEN KELLEY |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NUMBER: |
| v. | ) | CE22-00590 |
| | ) | |
| JAMES BRADFORD THOMAS and | ) | _____ |
| MARTEN TRANSPORT, LTD., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and states his Complaint against Defendants, JAMES BRADFORD THOMAS and MARTEN TRANSPORT, LTD., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, JONATHAN HERNANDEZ, is a resident of the State of Georgia.

2.

Defendant, JAMES BRADFORD THOMAS, was the driver of the tractor trailer involved in the subject collision and is a citizen and resident of the State of South Carolina, whose last known residence is 216 Summerhill Drive, Columbia, SC 29203-9564.   Defendant, JAMES BRADFORD THOMAS, is subject to the jurisdiction of this Court and may be served by personal service of the Summons and Complaint at that address.

3.

Defendant, MARTEN TRANSPORT, LTD., is a Foreign Profit Corporation authorized to do business in the State of Georgia, with its principal office located in Mondovi, Wisconsin, and

is subject to the Jurisdiction of this Court. Defendant, MARTEN TRANSPORT, LTD., may be served by issuing Summons and a second original of this Complaint through its Registered Agent for service, C T CORPORATION SYSTEM, at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.

Defendants, JAMES BRADFORD THOMAS and MARTEN TRANSPORT, LTD., are joint tortfeasors and as such, venue as to all Defendants is proper in Glynn County, Georgia.

## COUNT I
## NEGLIGENCE OF DEFENDANT, JAMES BRADFORD THOMAS

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about November 13, 2021, at approximately 4:13 a.m., Plaintiff, JONATHAN HERNANDEZ, was standing at the driver's side rear door of his vehicle, which was stationary on Interstate 95 North on the ramp to exit 29.

7.

On or about the same time and place, Defendant, JAMES BRADFORD THOMAS, was operating a tractor trailer traveling north on Interstate 95 in the right lane of travel, when he negligently, recklessly, carelessly and unlawfully operated said tractor trailer so as to cause it to collide with Plaintiff and Plaintiff's vehicle.

8.

As a result of the collision, Plaintiff, JONATHAN HERNANDEZ, suffered multiple life threatening injuries.

9.

At all relevant times, Defendant, JAMES BRADFORD THOMAS, owed certain civil duties to Plaintiff, JONATHAN HERNANDEZ. Notwithstanding those duties, Defendant, JAMES BRADFORD THOMAS, did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving the tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

b.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

c.   In failing to observe or undertake the necessary precautions to keep the tractor trailer from colliding with the Plaintiff and Plaintiff's vehicle in violation of O.C.G.A. § 40-6-390;

d.   In driving the tractor trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e.   In driving the tractor trailer in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant, JAMES BRADFORD THOMAS' violations of the aforementioned duties of care constitute negligence *per se.*

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, JAMES BRADFORD THOMAS, Plaintiff, JONATHAN HERNANDEZ, has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, JONATHAN HERNANDEZ, has incurred in excess of $25,000.00 in past medical expenses.

## COUNT II
## NEGLIGENCE OF DEFENDANT, MARTEN TRANSPORT, LTD.

12.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 11 above as if they were fully restated verbatim.

13.

At all relevant times, Defendant, JAMES BRADFORD THOMAS, was an employee and agent of Defendant, MARTEN TRANSPORT, LTD., and Defendant, JAMES BRADFORD THOMAS, was driving the tractor trailer within the course and scope of his employment with Defendant, MARTEN TRANSPORT, LTD.

14.

Defendant, MARTEN TRANSPORT, LTD., is liable for the acts and omissions of Defendant, JAMES BRADFORD THOMAS, as Defendant, MARTEN TRANSPORT, LTD.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

15.

Defendant, MARTEN TRANSPORT, LTD., negligently hired, retained, and supervised Defendant, JAMES BRADFORD THOMAS.

16.

Defendant, MARTEN TRANSPORT, LTD., negligently entrusted the tractor trailer to Defendant, JAMES BRADFORD THOMAS, when they knew or should have known that their driver was incompetent or unfit to perform the duties given to the driver by the company.

17.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, MARTEN TRANSPORT, LTD., Plaintiff, JONATHAN HERNANDEZ, has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, JONATHAN HERNANDEZ, has incurred in excess of $25,000.00 in past medical expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JONATHAN HERNANDEZ, respectfully prays and demands as follows:

    a.    That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

    b.    That service be had upon Defendants as provided by law;

    c.    That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and

appropriate to fully and completely compensate Plaintiff for all of his injuries and

pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and

future medical expenses and loss of income in the past and future in such an

amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

This 2nd day of June, 2022.

Respectfully submitted,

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

FILED · MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:35 PM
CASE # CE22-00590

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JONATHAN HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NUMBER:** |
| | ) | CE22-00590 |
| JAMES BRADFORD THOMAS and | ) | |
| MARTEN TRANSPORT, LTD., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, JAMES BRADFORD THOMAS

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and hereby requests that Defendant, JAMES BRADFORD THOMAS, admit for the purpose of this action the truth of the following facts within thirty (30) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUEST FOR ADMISSIONS

1.

That at the time of the subject accident, Defendant, JAMES BRADFORD THOMAS, operated the tractor trailer in Glynn County, Georgia.

2.

That at the time of the subject accident, Defendant, MARTEN TRANSPORT, LTD., owned the tractor trailer in Glynn County, Georgia that Defendant, JAMES BRADFORD THOMAS, was operating and driving with the permission and consent of its owner, Defendant, MARTEN TRANSPORT, LTD.

3.

That Defendant, JAMES BRADFORD THOMAS, was negligent in the operation of said tractor trailer which resulted in a collision with Plaintiff and Plaintiff's vehicle on or about November 13, 2021.

4.

That Plaintiff, JONATHAN HERNANDEZ, was injured in the subject accident.

5.

That Plaintiff, JONATHAN HERNANDEZ, suffered a permanent injury within a reasonable degree of medical probability resultant of the subject accident.

6.

That Plaintiff, JONATHAN HERNANDEZ, was not guilty of negligence which caused or contributed to the subject accident.

7.

That Plaintiff, JONATHAN HERNANDEZ, incurred medical expenses for treatment of injuries resulting from the subject accident.

8.

That Plaintiff, JONATHAN HERNANDEZ's, medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

This Request for Admissions is served upon you together with Plaintiff's Complaint and Summons.

This 6th day of June, 2022.

Respectfully submitted,

JEFFREY J. HUMPHRIES, ESQUIRE
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:35 PM
CASE # CE22-00590

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,                    )
                                      )

      Plaintiff,                    )

                                        )     CIVIL ACTION FILE NUMBER:

v.                                )        CE22-00590

                                        )

JAMES BRADFORD THOMAS and    )

MARTEN TRANSPORT, LTD.,                    )

                                        )     JURY TRIAL DEMANDED

      Defendants.

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO
### DEFENDANT, JAMES BRADFORD THOMAS

COMES NOW the Plaintiff, JONATHAN HERNANDEZ, and hereby request that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within thirty (30) days from the date of service hereof at the Law Firm of Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within thirty (30) days from the date of service hereof.

### DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or documents if Defendant(s) or his/her attorneys obtain further information between the time the answers are served and the time of trial. Plaintiffs also request that Defendant produce the originals of each document at trial, and any deposition of Defendant(s) or its agents or employees.

B.      "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.      If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.      If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.

All statements made by any occupants of the vehicles involved in the subject incident.

2.

All statements made by any witnesses to the subject accident.

3.

All statements made by the Plaintiff pertaining to or concerning the subject matter.

2

4.

All photographs of the vehicles involved in the subject accident.

5.

All photographs of the Plaintiff depicting injuries received in the subject accident.

6.

All photographs of the subject accident scene.

7.

Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

8.

Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

9.

Appraisals of the property damage sustained by Plaintiff's car in the subject accident.

10.

A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

11.

A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

This Request to Produce is served upon you together with Plaintiff's Complaint and Summons.

This 6th day of June, 2022.

Respectfully submitted,

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

4

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 6/6/2022 10:28 AM
Accepted 6/6/2022 4:3? PM
CASE # CE22-00590

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

JONATHAN HERNANDEZ,                          )
                                             )
      Plaintiff,                      )
                                             )     CIVIL ACTION FILE NUMBER:
v.                                           )         CE22-00590
                                             )
JAMES BRADFORD THOMAS and                    )     _____
MARTEN TRANSPORT, LTD.,                      )
                                             )     JURY TRIAL DEMANDED
      Defendants.                     )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, JAMES BRADFORD THOMAS

      COMES NOW, Plaintiff, JONATHAN HERNANDEZ, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within thirty (30) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

## DEFINITIONS AND INSTRUCTIONS

1.     For the purposes of these interrogatories, "you," "your," and "Defendant" mean JAMES BRADFORD THOMAS.

2.     As used in these interrogatories, "document" or "documents" means the original and all copies of the original which differ in any respect from the original (whether by interlineation, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, microfilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

3.     As used in these interrogatories, "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation; and (d) state the name, address, phone number, date of birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document.  Please follow procedures (a)-(d) for each

document which originated with DEFENDANT-1 or anyone else also possessing documents relevant to this litigation and responsive to these interrogatories.

4.      You have the burden of proving any objection that you make to an interrogatory.

5.      If you claim that a privilege (attorney-client, work product, trade secret, etc.) prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion. In addition, if you claim that a privilege prevents the production of a document, identify the document as described in Paragraph 3 and all persons, whether natural or artificial, who received or reviewed the document.

6.      If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

7.      If you fail to answer an interrogatory on the grounds that an interrogatory is not calculated to lead to admissible evidence, please explain why you believe it does not meet this broad standard.

8.      If you fail to answer an interrogatory on any other grounds, please explain why.

## INTERROGATORIES

### 1.

Please state your name, address, and if you are answering for someone else, your official position?

### 2.

Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question?

### 3.

List all the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which witness has knowledge.

4.

List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard of who is purported to have heard the Plaintiff make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

5.

Did any mechanical defect regarding the vehicle in question contribute to the occurrence of the accident? If so, what was the nature of the defect?

6.

Were you suffering from any physical infirmity, disability or sickness at the time of the occurrence of the accident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

7.

Did you consume any alcoholic beverages or any drugs or medication within 12 hours before the occurrence of the accident described in the Complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where were they consumed?

8.

Do you wear glasses or contact lenses?

9.

Were you charged with any violation of the law arising out the incident referred to in the Complaint? If so:

    a.  What plea did you enter to the charge;

    b.  What court was the charge heard in;

3

  c. What was the nature of the charge;

  d. Was the testimony at any trial on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

10.

Did you have liability insurance coverage that protects you from the damages sought by the Complaint?  If so:

  a. What is the name of the insurance company having the coverage;

  b. What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage;

  c. What is the policy number of each policy?

11.

List the names and addresses of all persons or corporations who were registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the accident described in the complaint.

12.

Have you ever been convicted of a crime?  If so, what was the date and place of conviction?

13.

Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

14.

Do you intend to call any non-medical expert witnesses at the trial of this case?  If so, please identify each witness; describe his qualifications as an expert; state the subject matter upon which

4

he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

These Interrogatories are served upon you together with Plaintiff's Summons and Complaint.

This 6th day of June, 2022.

Respectfully submitted,

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
*Attorney for Plaintiff*

**MORGAN & MORGAN**
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
T: (904) 398-2722
F: (904) 366-7677
jhumphries@forthepeople.com
tmcfarland@forthepeople.com