IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JONATHAN HERNANDEZ, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-66 |
| v. | |
| JAMES BRADFORD THOMAS, and MARTEN TRANSPORT, LTD, | |
| Defendants. | |

**O R D E R**

Defendants filed a Motion to Compel Additional Review of Plaintiff's Cell Phone. Doc. 46.  Plaintiff responded in opposition.  Doc. 50.  Defendants filed a Reply renewing their request and requesting sanctions.  Doc. 58.  Plaintiff filed an additional brief.  Doc. 62.

For the following reasons, I **GRANT in part** Defendants' Motion to Compel Additional Review of Plaintiff's Cell Phone.  The Court **ORDERS** Plaintiff to make his cell phone available to Defendants **on or before August 5, 2024**.  At that time, Defendants' expert may conduct a full file system extraction of Plaintiff's cell phone.  Plaintiff's expert may be present for this extraction.  To the extent Defendants request spoliation sanctions, the Court **DENIES** the request at this time.  The record is not sufficiently developed to assess the propriety of sanctions.  The Court will conduct a telephonic status conference with the parties on **August 26, 2024**, to discuss the status of Defendants' review of Plaintiff's cell phone, whether Defendants intend to proceed

with a request for sanctions, and future deadlines in the case. The Court **STAYS** all other Rule 26 deadlines until further order from the Court.[1]

## BACKGROUND

Plaintiff filed this action following a vehicular accident involving Plaintiff and Defendant Thomas on November 13, 2021, at approximately 4:13 a.m. Doc. 1-1 at 5. It appears the following facts are undisputed, though, at this point, the facts are only provided for context of this discovery dispute, and I make no assessment about whether these facts can or will be proven.

On the night of the accident, Plaintiff's vehicle collided with a guardrail and the vehicle came to a stop near the edge of the interstate roadway. Doc. 46 at 2. Plaintiff and his passengers exited the car and went to the side of the road after this collision. Plaintiff then reentered the roadway to retrieve something from his vehicle. At that point, Plaintiff's vehicle was stationary near the edge of the roadway and Plaintiff was standing at the driver's side rear door of his vehicle. Doc. 1-1 at 5. Defendant Thomas was operating a tractor trailer traveling north on the interstate. Thomas collided with Plaintiff and his vehicle, throwing Plaintiff in the air. Plaintiff suffered catastrophic injuries, including substantial thoracic skin degloving, including to his genitals, and the loss of part of his leg. Doc. 46 at 2.

Defendants have raised issues about Plaintiff's state of mind and events leading up to the accident. Defendants assert the affirmative defenses of assumption of the risk and failure to avoid consequences. Id. at 3. As a part of these defenses, Defendants have sought to explore whether Plaintiff was intoxicated or under the effects of drugs or alcohol at the time of the accident. Id. The passengers in Plaintiff's vehicle were intoxicated at the time of the accident.

---

[1] Plaintiff's counsel requested an interim conference by email in response to Defendants' request for sanctions. I considered counsel's request and do not discern any need for a conference at this time. Thus, the Court **DENIES** Plaintiff's counsel's request for a case management conference.

2

Id. There is some indication Plaintiff and the passengers had been to a birthday party and a club in Jacksonville, Florida, in the hours preceding the accident. Id. Defendants contend Plaintiff's initial impact with the guardrail is characteristic of driving under the influence and Plaintiff has admitted to consuming some alcohol earlier in the night. Id. at 4. Thus, Defendants have sought discovery concerning Plaintiff's mental state (e.g., intoxication) at the time of the accident and events leading up to the accident, including Plaintiff's location.

Defendants believe Plaintiff's cell phone data contains information related to Plaintiff's state of mind and events leading up to the accident. It is undisputed Plaintiff used his cell phone in the hours leading up to the accident and the cell phone was present at the scene of the accident.

Plaintiff states the cell phone was left at the accident scene (likely in the vehicle) when he was evacuated from the scene. Plaintiff states he did not have access to his phone after the accident. Doc. 50 at 13. Defendants' accident reconstruction expert discovered Plaintiff's cell phone during a joint inspection of Plaintiff's vehicle on either December 14 or December 15, 2021—the parties are inconsistent about the precise date. Id. At that time, Defendants' former counsel took possession of Plaintiff's cell phone. The cell phone was provided to Plaintiff on March 5, 2022.

Defendants sought data from the cell phone in discovery, but there was disagreement about the scope of what Plaintiff was required to provide. The parties brought their dispute to the Court's attention in April of 2023. After emailed submissions about the dispute, the Court held a telephonic status conference about the dispute on May 5, 2023. Docs. 35, 37. During the conference, the parties discussed the procedure for collecting and producing data contained on Plaintiff's cell phone. The parties agreed to a 10-hour "look back" period (6:00 p.m. on

November 12, 2021, to 4:00 a.m. on November 13, 2021) for the comprehensive data download. Doc. 37. The Court directed the parties' expert witnesses to confer on the precise procedure for extracting, preserving, and producing the cell phone data. Doc. 35. Once the extraction was complete, Plaintiff's expert was directed to convert the data to a searchable and readable format and deliver it to Defendants' counsel. Id. The phone was jointly inspected on May 24 and May 26, 2023, and the experts used extraction software to collect data. Doc. 46 at 4; Doc. 51-1 at 2.

The parties encountered several issues during the data extraction, which caused Defendants to question some of the information that was produced. Docs. 44, 45. As of September 6, 2023, when the Court conducted a telephonic status conference, Plaintiff's expert had not delivered the extracted data to Defendants' counsel. Doc. 44. Defendants expressed concern about the lengthy delay in obtaining the converted data and whether that delay would interfere with Defendants' ability to obtain other evidence, such as evidence from third parties about Plaintiff's whereabouts before the accident. Id.

The Court ordered Plaintiff to conduct a final review of the data and produce the requested materials to Defendants by September 18, 2023. Id. After conferral, Plaintiff produced a Cellebrite report and the accompanying data from the cell phone. Doc. 46 at 5. The Court conducted another telephonic status conference on September 28, 2023. Doc. 45. During that conference, Defendants stated the cell phone data Plaintiff produced was missing critical information such as location data. Doc. 46 at 5. The Court directed both parties to continue to confer on this issue. Id.

After the Court's informal dispute resolution process, the parties still could not reach an agreement. Defendants filed this Motion. Doc. 46. Defendants contend the phone contained evidence of 58 text messages and 11 emails that were sent and received within the 10-hour look

back period but only one of the text messages was included in Plaintiff's data production.  Id. at 5.  Defendants also contend the amount of geo-location data Plaintiff produced is inconsistent with Defendants' expert's expertise in what should have been available.  Id. at 6.  The data also showed a folder titled "Party Photos"; however, the folder was empty.  Id.  Defendants also raised concerns about log files Plaintiff did not produce.  Id. at 22.  Lastly, Defendants expressed concern about the fact the initial data extraction shows the phone was turned on and accessed on November 17, 2021, which was four days after the accident and several weeks before Defendants' expert witness located the phone in the vehicle.  Id. at 6.  Based on these facts, Defendants asked the Court to order Plaintiff to make his cell phone available for additional forensic inspection by Defendants' expert.  Plaintiff filed a Response, opposing Defendants' Motion.  Doc. 50.

The Court conducted a telephonic status conference on January 24, 2024.  Doc. 54.  A few minutes before the status conference, Plaintiff produced additional cell phone evidence using a newer, updated extraction software.  The updated extraction software allowed Plaintiff to access and produce more data than what was previously produced, including some of the missing files from the initial extraction.  The newly produced evidence included numerous text messages, photos, and videos that were not previously produced.  Plaintiff's counsel admitted to having access to this data since December 2023 but stated he had taken additional time to review the data.  The Court authorized Defendants to file a reply brief addressing the new production and how it impacted Defendants' initial request for an additional forensic examination.

In their Reply, Defendants contend the new production demonstrates Plaintiff may have spoliated evidence and Plaintiff and other witnesses may have testified falsely at their depositions.  Doc. 58.  Defendants assert the more recently produced cell phone data included

photo and video evidence of Plaintiff drinking alcohol the night of the accident. Id. at 3. Defendants argue it took Plaintiff over 18 months to produce the requested data. Id. at 4. Defendants believe Plaintiff intentionally withheld this evidence. Id. at 5. Defendants contend Plaintiff gave false testimony in his deposition regarding the events leading up to the accident, including where Plaintiff was, who he was with, and what alcohol he may have consumed. Defendants state the photos, videos, and text messages from the recently produced cell phone data demonstrate Plaintiff testified falsely. Defendants also point to inconsistencies in other witnesses' testimony to support this claim. In the Reply, Defendants ask the Court to strike Plaintiff's Complaint and the case be dismissed as a sanction. Id. at 22. Alternatively, Defendants ask for an unfettered inspection of Plaintiff's phone, an inference Plaintiff was intoxicated at the time of his injury, and for all fees and expenses incurred in this discovery dispute to be owed equally by Plaintiff. Id. at 25.

      Plaintiff filed a Surreply responding to Defendants' allegations of spoliation and request for sanctions. In general, Plaintiff contends the delays in production were all reasonable based on the circumstances and Defendants overstate the significance of the later-produced materials. Plaintiff acknowledges Defendants requested the evidence in September 2022, but Plaintiff states the parties did not agree on a proper extraction process until May 2023. Doc. 62 at 3–4. Plaintiff attributes the later production to the use of updated software for data extraction. Plaintiff states both parties had previously acknowledged the need to use updated software. Plaintiff also states he voluntarily produced additional data using the updated software on January 24, 2023. Id. at 7.

      Plaintiff also argues Defendants misrepresent the photo and video evidence produced. Plaintiff contends the date and time stamps do not show when the items were created. Id. at 13. Additionally, Plaintiff argues the inconsistencies in the witness testimonies are irrelevant to how

the subject accident occurred. Id. at 14–15. Plaintiff challenges the reliability of Defendants' expert reports and testimony and argues Defendants were not prejudiced by Plaintiff's behavior and have not satisfied their burden to warrant sanctions. Id. at 20–26. Plaintiff also implies if any evidence were spoliated, that spoliation was committed by Defendants' former counsel, not Plaintiff, because Defendants' former counsel had possession of the cell phone for a period of time.

## DISCUSSION

I.      **The Parties' Requests**

Defendants bring this Motion to Compel following several attempts to obtain information from Plaintiff's cell phone. After the parties provided briefing, Plaintiff produced additional cell phone data from a second extraction on January 24, 2024. Defendants modified the form of relief requested in their Reply based on Plaintiff's subsequent production. Defendants now ask for an unfettered review of Plaintiff's phone to determine whether there were any attempts to spoliate evidence. Doc. 58 at 2. Defendants also request sanctions based on Plaintiff's violation of a Court Order. Id. at 1. Plaintiff argues the second extraction dataset he produced on January 24, 2024, satisfies Defendants' needs for the case and Plaintiff has produced all responsive and available data. Doc. 62 at 7–8, 24.

II.     **Legal Standard**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Id. Further, a party may request the opposing party produce documents or items within the scope of discovery and in another party's possession or control. Fed. R. Civ. P. 34(a)(1) ("A party may

7

serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . ."). When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Additionally, Federal Rule of Civil Procedure 37(a)(4) states, "For the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

### III.   Analysis

Defendants contend the newly produced data (produced on January 24, 2024) contains evidence of perjury and discovery abuse. Doc. 58 at 2. Defendants state the data contains dozens of text messages, 174 videos, and hundreds of photos showing Plaintiff was drinking heavily on the night of the accident. Id. Defendants argue this new evidence shows Plaintiff and other eyewitnesses committed perjury in their depositions. Id. Defendants also state Plaintiff's counsel admitted he was in possession of this new extraction data since early December 2023 but waited until January 24, 2024, to produce the evidence. Id. at 4. Defendants argue the inconsistencies in Plaintiff's testimony and the newly extracted evidence support their request for unfettered access to Plaintiff's phone.

Plaintiff argues he voluntarily produced the second set of extraction data and he has produced all available cell phone data at this point. Plaintiff contends no further access to Plaintiff's cell phone is warranted.

Defendants point to several inconsistencies in Plaintiff's testimony and the newly produced cell phone evidence. Defendants contend Plaintiff lied about the events hours before

8

the subject accident occurred.  Defendants argue Plaintiff's text messages show Plaintiff did not make it to the restaurant for the birthday party before the group left for the club, whereas Plaintiff testified he arrived at the restaurant with enough time to order food and drinks.  Doc. 58 at 10.  Defendants argue Snapchat videos from Plaintiff's phone also show the rest of the group at the restaurant without Plaintiff in attendance.  Id.  Defendants point to other videos on Plaintiff's phone to show Plaintiff was present at another location later that night for the party and the videos show Plaintiff drinking heavily.  Id. at 11–13.  Defendants argue the cell phone video evidence suggests Plaintiff perjured himself in his deposition testimony and actively concealed evidence showing he was drinking more than he suggested and he was drinking much closer to the time of the subject accident.  Id. at 14.

Plaintiff argues Defendants' arguments have no evidentiary basis and are unsupported.  Doc. 62 at 10.  Plaintiff attaches an affidavit from his forensic computer expert addressing Defendants' arguments related to the cell phone videos.  Plaintiff's expert states the timestamps related to the files represent the date and time the video was downloaded and viewed via Snapchat and not when the video was originally captured.  Id. at 11.  Plaintiff's expert states, "The conclusion that the original video relating to this downloaded version was created on 11/13/2021 at 12:31:14AM is incorrect."  Id. at 12.  Plaintiff argues there is no way to accurately date any of the videos or photos referenced in Defendants' Motion as the date and timestamp only refer to when the item was accessed in Snapchat.  Id. at 13.  In reference to inconsistencies in Plaintiff's text messages and deposition testimony, Plaintiff argues the only relevant testimony is how the subject accident occurred and whether he was intoxicated at the time of the accident.  Id. at 14.

In the initial filing, the parties also raised concerns about possible tampering with Plaintiff's cell phone. Defendants assert there is evidence Plaintiff's cell phone was accessed a few days after the accident and before the initial data extraction. Doc. 46 at 6. Defendants point to missing text messages and photos from the data extraction, arguing the missing data indicates the phone may have been tampered with before the attempted extraction. Plaintiff argues he did not have access to his phone after the accident because he was in the hospital for 10 months. Doc. 50 at 13. Plaintiff contends Defendants' former counsel took possession of the cell phone on December 15, 2021, and Plaintiff did not receive the phone until March 5, 2022. Plaintiff's expert states the missing files are a product of the limited type of extraction used previously and the battery data shows the phone remained on until November 18, 2021. Doc. 51-1 at 4.

The alleged inconsistencies surrounding the timeline of events warrant granting Defendants' request for unfettered access to Plaintiff's cell phone. The parties' experts disagree on whether Plaintiff's cell phone was accessed four days after the accident. Doc. 46 at 8; Doc. 51-1 at 4. Plaintiff has also raised concerns regarding Defendants' former counsel's possession of the cell phone. Doc. 50 at 13. The newly produced extraction data included numerous text messages, photos, and videos that were not included in the initial extraction. The new photo and video evidence raises questions about Plaintiff's activities leading up to the accident and his supporting testimony. The alleged inconsistencies around the timeline of events, access to the cell phone, and the circumstances surrounding production of the cell phone evidence warrant further exploration. Therefore, Defendants will be allowed to conduct an unfettered extraction of Plaintiff's cell phone data to investigate any potential spoliation concerns.

Defendants also previously requested access to an iCloud backup from November 10, 2021.  Doc. 46 at 22.  Defendants argue the iCloud backup will allow them to compare the produced cell phone data with the iCloud backup to determine if any evidence was tampered with or destroyed.  As Plaintiff will be required to produce his cell phone for a full extraction, the iCloud backup should be available on the device.  If the iCloud backup is not on the physical device, Plaintiff will need to produce the iCloud backup from November 10, 2021, in addition to producing his cell phone.

### IV.     Defendants' Request for Sanctions

As a part of their Motion, Defendants request sanctions against Plaintiff.  Defendants argue Plaintiff's conduct in handling the cell phone data was a violation of the discovery rules and a fraud upon the Court.  Doc. 58 at 14.  Defendants argue the evidence was available to Plaintiff since the initial cell phone data extraction in May 2023.  Id. at 15.  Defendants state the Court ordered Plaintiff to produce these materials on September 6, 2023.  Id.  Defendants also argue Plaintiff's counsel admitted he had possession of the data in early December 2023 and still did not produce the evidence until January 24, 2024.  Id.  Defendants argue the availability of the upgraded extraction software does not explain why text messages from iMessage and Snapchat videos were not produced after the initial extraction in May 2023.  Id. at 16.  Defendants argue the newly produced evidence raises questions about the credibility of other witnesses in the case, who testified they drove to Jacksonville with Plaintiff to attend the dinner and birthday party.  Id. at 16–19.  Defendants argue the combination of the new cell phone evidence, inconsistencies in Plaintiff and witness testimony, and inconsistencies in Plaintiff's discovery responses suggest Plaintiff committed perjury and attempted to mislead the Court.

Defendants ask the Court to dismiss the case as a discovery sanction or, alternatively, an inference Plaintiff was intoxicated at the time of his injury and attorneys' fees.

Plaintiff argues Defendants' request for sanctions is improper. Plaintiff argues Defendants did not follow the Court's Rule 26 Instruction Order in requesting sanctions and Plaintiff is severely prejudiced by having to respond to a new request for sanctions in a reply brief. Doc. 62 at 2. Plaintiff states the initial cell phone data extraction occurred in May 2023 and both parties acknowledged the complete file of cell phone data was not captured because the software required an update. Id. at 4. Plaintiff produced the cell phone data in compliance with the Court's Order by September 18, 2023. Id. at 5. After Defendants filed their Motion, Plaintiff produced data from a second cell phone data extraction using the updated software. Id. at 6–7. Plaintiff argues the second data extraction containing the new evidence could not have been performed before because the software update did not become available until November 2023. Id. at 16. Additionally, Plaintiff argues Defendants' expert has not articulated why he believes there should be more cell phone data. Id. at 19–20. Plaintiff argues Defendants should not be entitled to sanctions because they have not shown any evidence has been spoliated and they have not been prejudiced in any way.

Defendants have not demonstrated a sufficient basis for spoliation sanctions at this time. Defendants have raised genuine issues about preservation of data on Plaintiff's cell phone after the accident. Defendants have raised the possibility of missing text messages and other information from Plaintiff's cell phone. Defendants have also pointed to extended delay by Plaintiff's counsel in producing evidence from the second extraction. While these issues support further exploration of the facts through discovery, Defendants have not shown with any definiteness what—if any—evidence was spoliated or by whom and whether sanctions are

warranted. Therefore, the Court **DENIES** Defendants' request for sanctions at this time, but Defendants may file a separate motion for sanctions after examining Plaintiff's cell phone, if warranted.

## CONCLUSION

For the foregoing reasons, I **GRANT in part** Defendants' Motion to Compel Additional Review of Plaintiff's Cell Phone. The Court **ORDERS** Plaintiff to make his cell phone available to Defendants **on or before August 5, 2024**. At that time, Defendants' expert may conduct a full file system extraction of Plaintiff's cell phone. Plaintiff's expert may be present for this extraction. To the extent Defendants request spoliation sanctions, the Court **DENIES** the request at this time. The record is not sufficiently developed to assess the propriety of sanctions. The Court will conduct a telephonic status conference with the parties on **August 26, 2024**, to discuss the status of Defendants' review of Plaintiff's cell phone, whether Defendants intend to proceed with a request for sanctions, and future deadlines in the case. The Court **STAYS** all other Rule 26 deadlines until further order from the Court.

**SO ORDERED**, this 23rd day of July, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA