IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JONATHAN HERNANDEZ, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-66 |
| v. | |
| JAMES BRADFORD THOMAS, and MARTEN TRANSPORT, LTD., | |
| Defendants. | |

**O R D E R**

Defendants filed a Motion in Limine, asking the Court to exclude Plaintiff's expert, Lew Grill. Doc. 119. Plaintiff filed a Response opposing Defendants' request. Doc. 122. Defendants filed a Reply. Doc. 125. For the reasons discussed below, the Court **DENIES** Defendants' Motion. If Defendants elect to raise a Daubert challenge, Defendants may ask the Court to conduct a hearing, with Plaintiff's expert present. The hearing will occur before September 9, 2025. Defendants must notify the Court within 14 days of this Order if they request a hearing to raise any Daubert challenges.

**BACKGROUND**

In their Motion, Defendants argue that Mr. Grill should not be allowed to testify because Plaintiff did not make Mr. Grill available for a deposition during the discovery period. Plaintiff argues in response that Plaintiff's counsel made multiple good-faith efforts to make Mr. Grill available for a deposition but Defendants' counsel failed to conduct the deposition. Plaintiff also argues that Defendants did not bring the matter to the Court's attention in a timely manner.

Therefore, it is important, at the outset, to discuss the parties' prior interactions related to Mr. Grill.

I.     **Expert Disclosure and Discovery Timeline**

Plaintiff disclosed Mr. Lew Grill as a trucking expert on September 18, 2023. Doc. 119 at 3. Defendants' counsel requested dates for depositions of all of Plaintiff's experts on September 28, 2023. Counsel for both parties conferred over the next few weeks to schedule Mr. Grill's deposition.

On December 11, 2023, Plaintiff's counsel informed Defendants' counsel that Mr. Grill was only available on January 30, 2024, for his deposition, which was one day before the close of discovery. Doc. 119-3. Defendants' counsel requested earlier dates and explained the need to conduct Mr. Grill's deposition in order to evaluate the need for possible rebuttal witnesses. Doc. 119-4 at 6–7. On December 13, 2023, Plaintiff's counsel informed Defendants' counsel that Mr. Grill was unavailable in December due to a medical procedure. Id. at 2. Defendants served Mr. Grill a subpoena for a deposition to occur on January 30, 2024.[1]  Doc. 119-5.

On January 29, 2024, Plaintiff's counsel informed Defendants that Mr. Grill had been ordered to appear in court in another case and was no longer available for his deposition the next day. Doc. 119-6. Both parties then emailed the undersigned's courtroom deputy clerk about the situation. Doc. 122-1 at 27–28.

---

[1]    The parties provided their email conferral about Mr. Grill's deposition. At one point in the communications, Defendants' counsel objected to conducting the deposition on the day before discovery closed because Defendants could not assess whether they needed an expert rebuttal witness (i.e., a witness to rebut Grill's testimony) until after Grill was deposed. Plaintiff's counsel, however, stated Defendants were not entitled to depose Grill before identifying a rebuttal witness, and, in fact, Defendants were required to make their expert disclosures by a set date in the applicable Scheduling Order and that deadline had already passed.

The tone of these emails is unnecessarily acrimonious. The lawyers make ad hominem attacks and throw around sarcastic barbs. Lawyers practicing in this Court are expected to do better.

2

First, Plaintiff's counsel emailed and explained that Mr. Grill's deposition had to be canceled and that the parties agreed to continue his deposition. Doc. 119-7 at 3. Plaintiff's counsel explained the deposition would likely not occur before the close of discovery on January 31, 2024. Plaintiff's counsel stated: "We will circle back around once we get a confirmed deposition date for Mr. Grill if we need to request any further modifications to the current scheduling order."

Next, Defendants' counsel emailed to "be a little clearer about what the parties are asking the Court for." Doc. 119-7 at 2. Defendants' counsel described the disclosure of Mr. Grill and the parties' efforts to get the deposition scheduled. Defendants' counsel said that it was "likely" that Defendants would file a <u>Daubert</u> motion related to Mr. Grill once he was deposed. Defendants' counsel stated that he "offered [Plaintiff's counsel] the compromise that [the parties] agree to extend the <u>Daubert</u> briefing deadline for [Mr. Grill] by however many days past the deadline it takes to get him deposed." Then, Defendants' counsel stated, "If the Court is not agreeable to my proposal that the <u>Daubert</u> deadline be extended for this witness, my only option will be filing a brief asking that Mr. Grill be excluded not based on <u>Daubert</u>, but based on his non-participation in discovery during the more than four months we have been asking for his deposition." Defendants' counsel closed by stating, "Defendants request that Judge Cheesbro let us know how he wants to handle this."

On January 31, 2024, the undersigned's courtroom deputy clerk responded to the parties' emails. Doc. 119-8 at 2. The email stated clearly: "Any request for modification to the scheduling order should be made by written motion filed on the docket. If the request is made jointly or with consent, the motion should include a statement to that effect." No party filed any motion to modify the Scheduling Order.

The parties continued to confer about conducting Mr. Grill's deposition. Plaintiff's counsel determined that Mr. Grill was available to sit for a deposition on February 14, 2024. On January 31, 2024, Plaintiff's counsel informed Defendants' counsel that Mr. Grill was available to sit for a deposition on February 14, 2024.

While the discussions about Mr. Grill were occurring, another discovery dispute was developing. Specifically, Defendants had filed a motion to compel related to the production of data from Plaintiff's personal cell phone. Doc. 46 (motion to compel filed on Nov. 17, 2023). On February 7, 2024, Defendants filed their reply brief in support of the motion to compel. Doc. 58. The reply brief was also styled as a motion for Rule 37 sanctions. On the same day, Defendants filed a motion to stay all deadlines until the Court ruled on the motion for sanctions. Defendants' counsel also emailed the undersigned's courtroom deputy clerk informing the Court that the motion to stay had been filed. Defendants' counsel explained that the deadline for civil motions was February 29, 2024, and Defendants wanted to be excused from that deadline until the Court ruled on their request for sanctions. Defendants counsel did not mention any need for any additional discovery in that email.

On January 31, 2024, Plaintiff's counsel informed Defendants' counsel that Mr. Grill was available to sit for a deposition February 14, 2024. Doc. 122 at 6. Defendants' counsel did not agree to take the deposition on February 14, 2024. Instead, on February 7, 2024—a week after discovery closed—Defendants' counsel emailed the Court requesting a stay of all deadlines in the case in light of Defendants' then-pending motion to compel. Defendants filed a written motion requesting a stay that same day. Doc. 59. Plaintiff's counsel continued to ask Defendants' counsel if he would conduct Mr. Grill's deposition on February 14, 2024, but Defendants' counsel never agreed to take the deposition. Doc. 122 at 7. On February 15, 2024,

4

the Court issued an Order staying the case until resolution of Defendants' motion to compel. Doc. 60.

On July 24, 2024, the Court issued an Order granting in part Defendants' motion to compel related to Plaintiff's cell phone. Doc. 68. The Court reopened discovery at this time, but only for the parties to conduct an extraction of Plaintiff's cell phone. Id. The Court conducted a telephonic status conference on August 26, 2024, during which Defendants stated they intended to file a renewed motion for sanctions. Doc. 70. The Court issued a briefing schedule requiring Defendants to file their motion for sanctions on or before September 25, 2024. Doc. 69.

On June 4, 2025, the Court denied Defendants' renewed motion for sanctions, lifted the stay, and set deadlines for the remaining civil motions, trial depositions, and pretrial order. Doc. 91. The Court did not reopen discovery because the discovery period had long since closed.

On July 7, 2025, Defendants filed a motion to amend the scheduling order. Doc. 110. Defendants asked for additional time to complete depositions and additional time to submit a proposed pretrial order. The Court denied Defendants' request to amend the Scheduling Order on July 9, 2025. Doc. 114.

**II.     Plaintiff's Efforts to Secure Mr. Grill's Deposition**

Defendants' chief complaint is that Plaintiff's counsel did not make Mr. Grill available for a deposition during the discovery period. Thus, it is important to consider Plaintiff's counsel's efforts to make Mr. Grill available.

Plaintiff's counsel's paralegal, Sarah Carter, communicated with Mr. Grill's office on numerous occasions in an effort to get Mr. Grill's deposition scheduled. Doc. 122 at 2. On September 29, 2023, Ms. Carter sent an initial email to Mr. Grill's office. Doc. 122-1 at 2. On

October 24, 2023, Mr. Grill's office responded and provided availability for November 15, 2023. Id. at 3. On October 26, 2023, Ms. Carter sent a follow-up email requesting availability. Id. at 4. On October 30, 2023, Jasmine Anderson from Mr. Grill's office responded, stating no dates in October or November had opened up and they had this case on their waitlist. Id. at 5. Ms. Carter sent follow-up emails on November 3 and 10, 2023. Id. at 6. On November 15, 2023, Ms. Anderson responded to Ms. Carter stating no dates had opened up and informing her that Mr. Grill was scheduled for medical surgery on December 6, 2023, which would also limit his availability. Id. at 8.

On November 29, 2023, Ms. Carter sent another email to Mr. Grill's office requesting his availability for a deposition. Id. at 9. Ms. Anderson responded the same day stating they had not had any cancelations yet. Id. at 10. On November 30, 2024, Ms. Carter emailed Mr. Grill's office, informing them discovery was extended until January 31, 2024, and requested Mr. Grill's availability for a deposition before February. Id. at 11. Ms. Carter sent a follow-up email on December 6, 2023. Id. at 12. Ms. Anderson responded the same day providing January 30, 2024, as the only available date for a deposition. Id. at 13.

On December 7, 2023, Ms. Carter emailed Defendants' counsel to inform him of Mr. Grill's availability and to confirm Defendants' availability. Id. at 14. Ms. Carter sent a follow-up email to Defendants' counsel on December 8, 2023. Id. at 15. Ms. Carter sent another follow-up email to Defendants' counsel on December 11, 2023. Id. at 16. Defendants' counsel replied the same day, stating he was available but requesting an earlier date for the deposition and the right to name a rebuttal expert. Id. at 17. On December 12, 2023, Plaintiff's counsel replied to Defendants' counsel, stating the deadline to disclose experts has already passed. Id. at 18.

At some time before January 29, 2024, Mr. Grill informed Plaintiff's counsel he had been ordered to attend a deposition in California at the same time as his scheduled deposition on January 30, 2024.  Id. at 27.  Plaintiff's counsel's team reached out to Mr. Grill's office immediately to attempt to secure another deposition date.  Ms. Anderson offered February 14, 2024, as the next date for Mr. Grill's deposition.  Id. at 29.  On January 30, 2024, Ms. Carter emailed to ask if Mr. Grill had any dates available earlier than February 14, 2024.  Id. at 30.  On January 31, 2024, Ms. Carter asked Mr. Grill's office to hold February 14, 2024, for Mr. Grill's deposition while she confirmed with Defendants' counsel.  Id. at 32.  On the same day, she emailed Defendants' counsel to confirm availability for February 14, 2024.  Id. at 33.

On February 9, 2024, Ms. Anderson emailed Ms. Carter asking to confirm Mr. Grill's deposition for the following week.  Id. at 38.  Ms. Anderson sent another follow-up email requesting confirmation on February 11, 2024.  Id. at 39.  On February 12, 2024, Ms. Carter sent an email to Defendants' counsel asking to confirm if they would be conducting Mr. Grill's deposition on February 14, 2024.  Id. at 40.  Defendants' counsel replied to Ms. Carter's email within an hour, stating that because Plaintiff did not file a motion for extending the deadlines, Defendants would not move forward with Mr. Grill's deposition.  Id. at 41.  Later the same day, Ms. Anderson emailed Ms. Carter stating that Mr. Grill was no longer available for the deposition and that they had requested confirmation multiple times.  Id. at 42.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, a party is required to disclose to the other parties the identity of any witness it may use at trial to present expert testimony.  Fed. R. Civ. P. 26(a)(2).  To properly disclose a retained expert, parties must disclose an expert's identity "accompanied by a written report."  Id. 26(a)(2)(B).  If the witness is not required to provide a

written report, the party must disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions the witness to which the witness is expected to testify. Id. 26(a)(2)(C). "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Id. 26(b)(4)(A).

Rule 37 gives a district court discretion to address a litigant's failure to make a timely required disclosure. Taylor v. Mentor Worldwide LLC, 940 F.3d 582, 593 (11th Cir. 2019). When a party fails to provide timely "information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or harmless."). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009). "Ultimately, the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Martin-Viana v. Royal Caribbean Cruises Ltd., 733 F. Supp. 3d 1308, 1322 (S.D. Fla. 2024).

**ANALYSIS**

As a threshold matter, the record shows that Plaintiff properly disclosed Mr. Grill as an expert witness in accordance with Federal Rule of Civil Procedure 26(a)(2). In their Motion, Defendants state that Plaintiff was required to "make sure his expert disclosure was complete, by

permitting the Defendants to take a deposition as allowed under Fed.R.Civ.P. 26(b)(4)(A) during the Discovery period." Doc. 119 at 6.  Defendants incorrectly conflate Plaintiff's disclosure obligation under Rule 26(a)(2) with Defendants' option to depose Mr. Grill under Rule 26(b)(4)(A).  Whether Plaintiff satisfied Rule 26(a)(2) depends on the timing of the disclosure and the sufficiency of the disclosure, not on whether Plaintiff made Mr. Grill available for a deposition.  The parties agree that Mr. Grill was timely disclosed with Plaintiff's other experts on September 18, 2023.  Doc. 119 at 3; Doc. 12 at 1.

As to the sufficiency of the disclosure, Defendants make no discernible challenge in their opening Motion.  For the first time, in their Reply brief, Defendants argue: "Mr. Grill's written disclosure lacked any application of general principles to the facts of this case, meaning his opinions were never fully disclosed." Doc. 125 at 5.  Defendants merely point to Mr. Grill's 28-page expert report, provide one "example" of their challenge, and then point to another case where Mr. Grill was precluded from testifying.  Defendants then state that Mr. Grill's report shows why Defendants needed to depose Mr. Grill and make <u>Daubert</u> challenges to his opinions.

Although Defendants criticize the written disclosure, Defendants fail to show how the disclosure fell short of the Rule 26(a)(2) requirements.  Defendants' challenge is superficial and not supported by any caselaw.  Defendants have not shown that they adequately conferred with Plaintiff about the sufficiency of Mr. Grill's expert report.  Defendants have not shown that they ever brought their challenge to the sufficiency of Mr. Grill's written report to the Court's attention in the nearly two years since the report was issued.  Furthermore, Defendants improperly raised this challenge for the first time in a Reply brief, which is improper.  To the extent Defendants challenge the sufficiency of Mr. Grill's expert report, that challenge fails.

Defendants' primary argument is as follows: (1) if a party fails to ensure that its expert witness sits for deposition during the discovery period, then the expert must be precluded from testifying at trial; and (2) Plaintiff failed to ensure that Mr. Grill was available for a deposition during the discovery period. I address both aspects of Defendants' argument here.

The Federal Rules of Civil Procedure do not support Defendants' content that exclusion is required here. Rule 26(a)(2) requires the proponent of an expert witness to disclose the witness to the other parties in the matter. Depending on the nature of the expert witness, the witness may be required to provide a written report.

Unlike Rule 26(a)(2), Rule 26(b)(4)(A) *permits* a party to depose an opponent's expert witness in the course of discovery, but it does not impose any specific obligations on the proponent of the witness to ensure the witnesses availability. Of course, litigants must cooperate in discovery. See Fed. R. Civ. P. 37. However, it is important to acknowledge that the Federal Rules of Civil Procedure do not contain an express requirement that the proponent of an expert witness ensure that the witness is available for a deposition during discovery.[2]

The Rules provide a mechanism for the party to obtain the deposition of an opponent's expert witness. First, the party seeking the deposition must notify the parties in the case in accordance with Rule 30, and then the party seeking the deposition must properly serve a subpoena on the witness in accordance with Rule 45. Once a subpoena is properly served on an expert witness, the party seeking to depose the witness may seek to enforce the subpoena under

---

[2] The framework in the Federal Rules of Civil Procedure makes sense given that the mandatory disclosure requirements may mitigate the need to take some expert witness depositions. See 8A Wright & Miller's Federal Practice & Procedure § 2031.1(3d ed. May 21, 2025 update) ("But it need not follow that all designated expert witnesses must be deposed; one hope for the disclosure process is that it will obviate, or at least shorten, some expert-witness depositions because the disclosures themselves will provide ample information.").

Rule 45, if the witness fails to comply. In short, the Federal Rules of Civil Procedure require the proponent of expert witness to properly disclose that witness, and the Rules provide the opponent with a mechanism for obtaining that deposition, but the Rules do not require the proponent to make the witness available for deposition.

Looking beyond the plain text of the Rules, the Court has not identified any authority—and Defendants have not pointed to any authority—that would require the exclusion of an expert witness when the proponent of does not ensure the witness is available for deposition during discovery. [3] Defendants point to St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co., 5 F.4th 1235 (11th Cir. 2021), but that case does not support Defendants' position. In St. Louis Condo. Ass'n, the trial court determined—based on the unique facts of that case—that an expert witness should be excluded from testifying because the proponent of did not make the witness available for a deposition during the discovery period. The Eleventh Circuit Court of Appeals affirmed the exclusion of the witness, noting that the trial court's decision was well within its discretion, based on the record.

St. Louis Condo. Ass'n merely shows that a trial court has the discretion to exclude expert witnesses and hold parties to deadlines in scheduling orders, depending on the specific circumstances. The decision does not, however, suggest that an expert must be excluded if the proponent does not make the witness available during the discovery period. The decision in St.

---

[3] Defendants cite cases where an expert witness was excluded, but those cases involve the proponent of the witness's failure to timely or properly disclose the witness. See, e.g., Rodriguez v. Walmart Stores E., L.P., No. 21-14300, 2022 WL 16757097 (11th Cir. Nov. 8, 2022). Here, Plaintiff's counsel properly disclosed Mr. Grill. Defendants' reliance on improper-disclosure cases is misplaced.

Louis Condo. Ass'n offers little to no guidance on whether Mr. Grill should be excluded in these particular circumstances.[4]

Furthermore, the Eleventh Circuit noted in St. Louis Condo. Ass'n that the trial court did not exclude other expert witness from testifying in the case because the challenging party "failed to 'articulate any specific reasons'" for the scheduling failure.  Here, the record related to Mr. Grill shows that Plaintiff's counsel made repeated, good-faith efforts to schedule Mr. Grill's deposition, the deposition was scheduled during the discovery period, and the deposition had to be canceled for reasons beyond the control of Plaintiff's counsel or Mr. Grill.  To the extent Defendants articulate any specific reasons for the scheduling failure related to Mr. Grill's depositions, the reasons do not in any way support the exclusion of Mr. Grill.

Ultimately, Defendants have not pointed to any authority—and the Court is aware of none—that requires exclusion of an expert witness merely because the proponent of the witness failed to ensure the witness sat for a deposition during the discovery period.  To the contrary, the Federal Rules of Civil Procedure allow a party to depose an opponent's expert witness and empower that party with tools to ensure the deposition will occur.  Because Defendants fail to point to any controlling authority to support their Motion, Defendant's Motion is denied.

Even if Plaintiff had a duty to ensure that Mr. Grill sat for a deposition—beyond the requirement that Plaintiff cooperate in good faith in facilitating discovery—the record demonstrates that Plaintiff made reasonable, good-faith efforts to ensure Mr. Grill was available to be deposed.  As explained above, Plaintiff's counsel communicated with Mr. Grill's office about his availability for a deposition promptly and frequently during the discovery period.  Mr.

---

[4] Defendants' reliance on Lopez v. Countrywide Mortg., No. CIV A 2:06-116, 2009 WL 139484, at *4 (S.D. Tex. Jan. 21, 2009), is similarly unhelpful.  In that case, the court explained that the plaintiff in that matter engaged in a "repetitive pattern of unjustified delay," that supported exclusion of the expert witness.  Defendants have not alleged or shown such a pattern here.

Grill's availability during the discovery period was limited because of Mr. Grill's medical issues. Despite Plaintiff's multiple requests for earlier deposition dates, Mr. Grill explained that he was only available during the discovery period on January 30, 2024. Plaintiff's counsel made reasonable, good-faith efforts to ensure Mr. Grill would sit for a deposition on January 30, 2024. Indeed, Defendants do not contend that Plaintiff's counsel should have done anything more (or different) leading up to the January 30, 2024 deposition date.

Defendants issued a subpoena for Mr. Grill's deposition to occur on January 30, 2024. Just before the deposition, Mr. Grill informed Plaintiff's counsel that he was not available because he (Mr. Grill) was ordered to attend a deposition by another court on the same date. Plaintiff's counsel immediately communicated this information to Defendants' counsel. Plaintiff's counsel promptly worked to obtain alternative dates for Mr. Grill's deposition. The record demonstrates that Plaintiff's counsel made reasonable, good-faith efforts to reschedule Mr. Grill's deposition promptly when he learned about Mr. Grill's conflict.

The time for Defendant to depose Mr. Grill ended on January 31, 2024. The record shows that Plaintiff's counsel exercised reasonable diligence to schedule Mr. Grill's deposition during the discovery period. Defendants have not identified anything that Plaintiff's counsel should have done differently to ensure that Mr. Grill could be deposed during the discovery period. For this additional reason, Defendants' Motion fails.

Finally, it appears Defendants had an opportunity to depose Mr. Grill, or at least seek to enforce their subpoena, after January 30, 2024, but Defendants failed to do so. The record suggests Defendants made a strategic decision to not pursue Mr. Grill's deposition, with the hope that Mr. Grill would be precluded from testifying.

As noted above, Defendants' counsel contacted the Court by email on January 29, 2024, and explained that Mr. Grill was not available to sit his deposition on January 30, 2024. Defendants' counsel explained that more time would be needed to complete the deposition. Defendant's counsel asked for the Court's guidance on how to proceed, and the Court explained that any request for a change to the Scheduling Order deadlines needed to be requested in a written motion. Defendants did not file any motion asking to modify the deadlines.

The record of communications between the lawyers shows that Defendants' counsel made a unilateral decision to not take Mr. Grill's deposition. The record shows that Plaintiff's counsel sent several emails to Defendants' counsel after January 30, 2024, explaining that Mr. Grill was available to sit for a deposition on February 14, 2024, and asking Defendants' counsel to confirm the deposition date. Defendants' counsel did not reply until February 12, 2024, and, at that time, refused to move forward with a deposition.

Defendants' counsel demanded that Plaintiff seek an extension of deadlines so that Defendants could disclose their own rebuttal expert and, potentially, file a <u>Daubert</u> motion challenging Mr. Grill.[5] When Plaintiff's counsel refused to acquiesce, Defendants' counsel dug in and refused to take Mr. Grill's deposition. Then, Defendants' counsel sought to stay all deadlines in the case.

---

[5] It is unclear why Defendants' counsel believed Plaintiff's counsel was obligated to seek an extension of deadlines or to acquiesce to Defendants' demands. Additionally, if Defendants' counsel believed that the circumstances of this case required completion of Plaintiff's expert witness's deposition before Defendants could disclosure of their own expert witnesses, Defendants' counsel could have requested a scheduling order that established that sequence at the outset of the case or in any of the several motions for extensions. Defendants' counsel did not request such a schedule and, to the contrary, agreed that Defendants' expert witnesses would be disclosed one month after Plaintiff's expert witness disclosures, without caveat. Doc. 11 at 10–11; Docs. 20, 33, 42.

Defendants' counsel had better options. Defendants' counsel could have moved to enforce the subpoena on Mr. Grill. Or Defendants' counsel could have taken Mr. Grill's deposition on February 14, 2024, and filed his Daubert motion on an expedited basis in accordance with the deadlines at the time. Or Defendants' counsel could have filed his own motion asking the Court to extend discovery, the time for disclosing expert witnesses, and the time for filing Daubert motions.[6] Defendants' counsel did none of these things. Instead, Defendants' counsel made a strategic decision to not take Mr. Grill's deposition with the hopes that Mr. Grill would be precluded from testifying or that Defendants would get another opportunity later to reopen discovery and depose Mr. Grill. Defendants' counsel's approach was strategic and does not show a willingness to cooperate in the completion of discovery. Defendants' counsel's failure to take other, earlier opportunities to pursue Mr. Grill's deposition strongly supports denial of Defendants' Motion in Limine. See Doe K.R. v. Choice Hotels, 6:23-CV-1012, 2025 WL 1180964, at *2 (M.D. Fla. Apr. 23, 2025) (noting that the movant's failure to take alternative steps to obtain expert deposition militates against the extraordinary remedy of excluding an expert).

To reiterate, Defendants have not shown that Mr. Grill must or should be precluded from testifying at trial. Defendants have also not shown that they should be permitted to depose Mr. Grill now. However, the Court acknowledges Defendants assertion that they should be able to raise a Daubert challenge to Mr. Grill. Doc. 125 at 5–7. In order to streamline the case and avoid any delays at trial, the Court will provide Defendants an opportunity to make a Daubert challenge to Mr. Grill's opinions during a pretrial hearing. Defendants may ask the Court to

---

[6] All deadlines were stayed for over a year and three months while other motions were pending. Defendants could have asked for leave to conduct Mr. Grill's deposition at any point during that time.

require Mr. Grill's presence at that hearing. The parties are not permitted to submit any substantive briefing on the issue before the hearing.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion. If Defendants see a need to raise a Daubert challenge, Defendants may request the Court to conduct a hearing, with Plaintiff's expert present. The hearing will be scheduled to occur before September 9, 2025. Defendants must notify the Court within 14 days of this Order if they request a hearing to raise any Daubert challenges.

**SO ORDERED**, this 12th day of August, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA