IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JONATHAN HERNANDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES BRADFORD THOMAS and<br>MARTEN TRANSPORT, LTD.,<br><br>        Defendants. | CIVIL ACTION FILE NO.:<br>2:22-cv-00066-LGW-BWC |

## CONSOLIDATED PRETRIAL ORDER

COME NOW, the parties, Plaintiff Jonathan Hernandez ("Plaintiff") and

Defendants James Bradford Thomas ("Thomas") and Marten Transport, Ltd.

("Marten") (collectively "Defendants"), by and through their respective counsel of

record, and jointly submit this their proposed Consolidated Pretrial Order as follows:

1.      Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. **Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.**

**See proposed stipulations attached.**

2.      As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they

wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

**Attached hereto as Exhibit "B-1" are Plaintiff's proposed Jury Questions.**

**By Defendants: See Defendants' general voir dire questions attached as Attachment "B-2." Further, Defendants hereby object to Plaintiff's proposed voir dire questions as set forth in their Attachment "B-3."**

3.    State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

**Plaintiff: Jonathan Hernandez**

**Plaintiff's counsel: Jeffrey J. Humphries, Brian McClain, Brian Lee, Brandi Gartrell, Matt Grossman, and Gabe Mendoza**

**Plaintiff's Law Firm: Morgan & Morgan, PA**

**Defendants: James Bradford Thomas, Marten Transport, Ltd.**

**Defendants' counsel: Zach M. Matthews, Luke R. Kennedy, Josh S. Wood, Anne E. Rodgers, Laurie Daniel, Skyler McDonald, Lee Kynes (*pro hac vice* forthcoming).**

**Defendants' counsel's firms: McMickle, Kurey & Branch LLP; Weinberg Wheeler Hudgins Gunn & Dial, LLC; Webb Daniel Friedlander LLP**

**Defendants' insurers: Ace American Insurance Company, Chubb Group of Insurance Companies, Sompo International, Liberty Mutual Insurance**

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

4. Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

**Jurisdiction is based on 28 U.S.C. §§ 1441(b), 1446, and 1332. The Parties agree that jurisdiction and venue are proper.**

5. List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

**Plaintiff's Motions in Limine regarding:**

1. **Plaintiff's Motion in Limine to Exclude Speculative Testimony and/or Argument Regarding Alleged Intoxication in Relation to Post Collision Medical Records (Doc. 149)**
2. **Plaintiff's Motion in Limine Regarding Any Testimony or Documents Related to Alleged Prior Alcohol Use or Intoxication, or any Reference that Plaintiff was Intoxicated Prior to or at the Time of the Collision (Doc. 150)**
3. **Plaintiff's Motion in Limine to Exclude Daisy Lara's Criminal Conviction, or Alternatively the Details of That Conviction, and Motion in Limine to Exclude Any Speculative Testimony or Arguments Regarding Plaintiff Having a Past or Current Criminal History (Doc. 153)**
4. **Plaintiff's Motion in Limine to Exclude Accident Crash Reports and Speculative Legal Conclusions/Statements (Doc. 154)**

**Defendants' Motions in Limine regarding:**

1. **Alterations to Dash Cam Video and Rule of Completeness (Dkt. 152)**
2. **Fatigue of Defendant Thomas (Dkt. 151)**
3. **Defendant Thomas' Driving History Subsequent to the Subject Incident (Dkt. 156)**
4. **Hearsay Comment of Officer Nichols (Dkt. 155)**
5. **Undisclosed Evidence (Dkt. 158)**
6. **Thomas' Health Condition (Dkt. 159)**
7. **Medical Testimony from Lay Witnesses (Dkt. 157)**

**Defendants' Motion to Withdraw Deemed Admissions And Substitute Responses (Dkt. 146)**

**Defendants' Memorandum on Admissibility of Evidence Tending to Show**

**Plaintiff's Alcohol Consumption Voluntary Intoxication (Dkt. 148)**

**Defendants reserve the right to file additional Motions in Limine should same be warranted.**

6.    All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

**Discovery closed Jan. 31, 2024. All depositions have been transcribed.**

7.    State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

**The parties are currently listed correctly and are not misidentified or misjoinge**

8.    Outline of plaintiff(s)' case.

Plaintiff(s) shall furnish a short, succinct, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

**The Plaintiff alleges that Defendant Thomas negligently operated his semi truck so as to cause a collision with Plaintiff on November 13, 2021. The Plaintiff further alleges that this collision was a legal cause of loss injury, and damages. Specifically, Plaintiff alleges that Defendant Thomas failed to keep a proper lookout, failed to take appropriate measures to avoid an emergency situation as required by his professional training, and failed to react appropriately to an emergency on the shoulder of the road.**

**The Plaintiff also alleges that Defendant Thomas gave false and misleading statements about his medical history to obtain a medical clearance.**

The Plaintiff is claiming past medical expenses, past lost wages, future earning capacity, and unspecified non-economic damage in the past and to be incurred into the future as damages.

The Plaintiff further alleges that at all relevant times Defendant Thomas was operating his semi truck during the course and scope of his employment and/or agency with Defendant Marten Transport LTD.

9.    Outline of defendant(s)' case.

NOTE:    DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.

Defendant(s) shall:

(a)    Furnish a short, succinct, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

(b)    In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

Defendants James Bradford Thomas and Marten Transport, LTD are not liable to Plaintiff. Defendant James Thomas did not negligently operate his semi truck and was not the legal cause of the subject collision with Plaintiff. Plaintiff's injuries arose out of his own failure to exercise reasonable care for his own safety, out of his assumption of risk, and out of his failure to look both ways before walking into a darkened interstate with oncoming traffic, mere seconds before a truck passed by his wrecked vehicle.

The facts are as follows: On November 13, 2021, Plaintiff Jonathan Hernandez was traveling from Jacksonville, Florida to Brunswick, Georgia after celebrating his girlfriend Daisy Lara's mother's birthday at one or more nightclubs. At approximately 4:00am, Plaintiff crashed his car into a guard rail, resulting in his vehicle coming to rest in the exit lane of Exit 29 on

I-95 south of Brunswick. After the crash, the car's driver's side tires were sitting only four inches outside the far right travel lane. Plaintiff safely exited his vehicle after the guardrail crash and moved out of the roadway along with the other passengers in his car.

The car's flashers were not turned on or were not operational. Plaintiff Hernandez had installed aftermarket taillights with a black-out effect, which lacked retro-reflectors. That change prevented his vehicle's taillights from reflecting the headlights of Marten's oncoming truck.

7.0 seconds before the Marten truck passed Plaintiff's wrecked car, Plaintiff left the side of the road and walked around the back of his car into the highway. 4.5 seconds before impact, Plaintiff was standing in the highway. 4.0 seconds before impact, Plaintiff opened his rear driver's side door and leaned into his car, allegedly to look for his cell phone. When he did so, his feet were standing 18 inches into the right lane of travel.

At approximately 4:08am, Plaintiff was impacted by the Marten Transport tractor trailer operated by Defendant James Thomas as it passed his vehicle, traveling at 65mph.

At all relevant times, Defendant Thomas operated his tractor trailer in a safe and reasonable manner. Defendant Thomas's collision with Plaintiff was not the legal cause of Plaintiff's injuries – Plaintiff's failure to exercise care for his own safety was the cause of this accident.

10.    In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

By Plaintiff:

Defendant violated the following state statutes and federal regulations:

O.C.G.A § 40-6-93 Drivers to exercise due care in relation to pedestrians
O.C.G.A § 40-6-390 Reckless Driving
O.C.G.A § 40-6-180 Too Fast for conditions
49 U.S.C. 521(b)(2)(b) Providing false or misleading information on an

official DOT medical exam.
**49 CFR 390.35**
**49 CFR 386**

**By Defendants:**

**Plaintiff violated the following state and federal statutes at the time and place of the incident:**

**O.C.G.A. § 40-6-96 (c) (leaving shoulder of roadway) and (e) (pedestrian failure to yield right of way)**

**O.C.G.A. § 40-6-95 (person under the influence shall not walk or be upon any highway or shoulder)**

**O.C.G.A. § 40-6-92 (a) (pedestrian illegally entering roadway away from crosswalk)**

**O.C.G.A. § 40-6-40 (a)(1) (vehicle to be driven on right side of road if in roadway).**

**O.C.G.A. § 40-6-202 (no person shall stop vehicle or leave standing any vehicle in a position which is upon the roadway when it is practicable to do otherwise).**

**O.C.G.A § 40-6-391 (a)(1) (driving while under the influence to the extent less safe).**

**49 CFR 571.108 (taillight conspicuity regulations violated by Plaintiff's alterations to the Subaru)**

**O.C.G.A. § 51-11-7 (Doctrine of Avoidable Consequences)**

**O.C.G.A. § 51-12-33 (Apportionment / Contributory Negligence Doctrine)**

**O.C.G.A § 51-11-2 (Assumption of Risk Doctrine)**

11.    In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

(a) Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also, recite any supporting authority.

(b) List all items of damages claimed or non-monetary relief sought.

(c) In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.

## By Plaintiff:

a. Plaintiff asserts that Defendant James Bradford Thomas negligently operated his semi-truck so as to cause a collision with Plaintiff and his vehicle. Plaintiff further asserts that Marten Transport, Ltd is vicariously responsible for the negligence, if any, of James Bradford Thomas.

b. Damages claimed by Plaintiff:
   (1) Past medical expenses of $4,499,024.18 *(this amount may increase as treatment is obtained and ledgers are received from treating providers)*
   (2) Future medical expenses of $4,795,694.00 *(this amount may change, as it is being updated by the Plaintiff's life care planning expert)*
   (3) Loss of past earnings of $34,055.38
   (4) Loss of future earnings of $731,734.99
   (5) Loss of future health benefits of $34,091.75
   (6) Plaintiff is 29 years old and is believed to have a permanent injury.

## By Defendants (as to affirmative defenses):

Plaintiff negligently operated his vehicle after consuming an amount of alcohol rendering him, at a minimum, less safe to drive than is legally

required. As a result, he negligently crashed his vehicle into a guardrail, resulting in that vehicle posing a potential road hazard to any individual seeking to use the off-ramp of I-95.

Plaintiff then compounded the hazard by voluntarily and negligently assuming the risk of injury, in a manner constituting clear and overwhelming contributory negligence, by walking into a darkened interstate, wearing black clothing, without properly keeping a look out for oncoming traffic. Plaintiff thereby failed to exercise reasonable care for his own safety.

Plaintiff then negligently and intentionally compounded the situation still further by opening the door of his wrecked vehicle into the travel lane, thereby impeding the right of way and violating the following Georgia laws: O.C.G.A. § 40-6-96 (c) (leaving shoulder of roadway) and (e) (pedestrian failure to yield right of way); O.C.G.A. § 40-6-95 (person under the influence shall not walk or be upon any highway); O.C.G.A. § 40-6-92 (a) (pedestrian illegally entering roadway away from crosswalk); O.C.G.A. § 40-6-40 (a)(1) (vehicle to be driven on right side of road if in roadway); O.C.G.A. § 40-6-202 (no person shall stop vehicle or leave standing any vehicle in a position which is upon the roadway when it is practicable to do otherwise); O.C.G.A § 40-6-391 (a)(1) (driving while under the influence to the extent less safe).

As a result of these violations, Plaintiff's negligence was also *per se* under state law. Additionally, Plaintiff negligently violated federal law providing for legal conspicuity of highway vehicles, specifically 49 CFR 571.108 (taillight conspicuity regulations violated by Plaintiff's alterations to the Subaru). This, too, was negligence per se.

In support of these allegations, Defendants cite the statutes set forth above as well as the following supporting authority:

*Glover v. Moore*, 374 Ga. App. 514, 517, 913 S.E.2d 384, 387 (2025)

*Ireland v. Williams*, 351 Ga. App. 124, 131, 830 S.E.2d 538, 544 (2019)

*Lowery's Tavern, Inc. v. Dudukovich*, 234 Ga. App. 687, 690, 507 S.E.2d 851, 854 (1998)

*Weston v. Dun Transp.*, 304 Ga. App. 84, 87, 695 S.E.2d 279, 282 (2010)

*Ohl v. CSX Transp., Inc.*, 625 F. Supp. 3d 1319, 1334 (N.D. Ga. 2022)

*Holcomb v. Norfolk S. Ry. Co.*, 295 Ga. App. 821, 823, 673 S.E.2d 268, 270–71 (2009)

*Politzer v. Xiaoyan*, 342 Ga. App. 224, 227-28 (2), 801 S.E.2d 114 (2017)

*Moore v. Camara*, 317 Ga. App. 651, 732 S.E.2d 319 (2012)

*York v. Winn-Dixie Atlanta, Inc.*, 217 Ga. App. 839, 839, 459 S.E.2d 470, 471 (1995)

*Baker v. Harcon, Inc.*, 303 Ga. App. 749, 754, 694 S.E.2d 673, 678 (2010)

*Beringause v. Fogleman Truck Lines, Inc.*, 200 Ga. App. 822, 824, 409 S.E.2d 524, 526 (1991)

*Roberts v. Carter*, 214 Ga.App. 540, 541, 448 S.E.2d 239 (1994)

*Garrett v. NationsBank, N.A. (S.)*, 228 Ga. App. 114, 118, 491 S.E.2d 158, 163 (1997)

*Anderson v. Sears Roebuck & Co.*, 292 Ga. App. 603, 606, 664 S.E.2d 911, 914 (2008)

*Atl. Coast Line R. Co. v. Fulford*, 159 Ga. 812, 127 S.E. 274, 275 (1925)

*Richardson v. Pollard* , 57 Ga. App. 777, 196 S.E. 199, 202 (1938)

12.    In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

**Not applicable.**

13. If there is any dispute as to agency, state the contentions of the parties with respect to agency.

**Not applicable.**

14. State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

**The Plaintiff has the burden of proof on the main claim of injuries and damages. The Plaintiff has the right to openings and closings.**

**The Defendants have the burden of proof to prove the affirmative defenses they raised.**

15. Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

**Plaintiff's witnesses expected to be used at trial:**

    a. **Will Call:**

           (1) **Jonathan Hernandez –** *Plaintiff*
           (2) **James Bradford Thomas –** *Defendant*
           (3) **Corporate Representative of Marten Transport, Ltd –** *Defendant*
           (4) **Officer Steven McKinney –** *Responding Officer*
           (5) **Officer Mario Nichols –** *Responding Officer*
           (6) **Kelly Michael Mahoney –** *Owner of Plaintiff's vehicle*

(7)  Blake Becknell – *Witness to Crash*
*(8)*  David Chaney – *Witness to Crash*
(9)  Saul Hernandez
(10)  Corporate Representative(s) Marten Transportation
(11)  Daisy Lara – *Passenger in Plaintiff's Vehicle*
(12)  Mariana Villareal Cruz-Witness
(13)  Clinton Williams – *Passenger in Plaintiff's Vehicle*
(14)  J. Rody Borg, Ph.D. – *Plaintiff's Retained Expert Witness*
(15)  Lew Grill – *Plaintiff's Retained Expert Witness*
(16)  Stuart B. Nightenhelser – *Plaintiff's Retained Expert Witness*
(17)  Shane M. Remy, P.E. – *Plaintiff's Retained Expert Witness*
(18)  Robert P. Tremp, Jr., MA, CRC, CLCP – *Plaintiff's Retained Expert Witness*
(19)  Howard Weiss, DO – *Plaintiff's Retained Expert Witness*
*(20)*  Sonia Hernandez- *Before and after witness, mother to Plaintiff*
*(21)*  Dr. *Michael Antal (rebuttal witness)*
*(22)*  Ana Hernandez- *Before and after witness, aunt to to Plaintiff*

b.  **May Call:**

(1)  Any applicable records custodian for any record or document listed on the Plaintiff's Exhibit List.

Defendants <u>will</u> have present:

1)  **Defendant James Thomas**
2)  **A corporate representative for Defendant Marten Transport, Ltd.**

Defendants <u>may</u> have present:

1)  **Clinton Williams**
2)  **Daisy Lara**
3)  **David Chaney**
4)  **Mariana ("Maria") Villareal**
5)  **Blake Becknell**

[12]

6) **Officer Mario Nichols**
7) **Officer Steven McKinney**
8) **Kelly Mahoney**
9) **Stuart Nightenhelser**
10)    **Shane Remy**
11)    **Robert Tremp**
12)    **J. Rody Borg**
13)    **Howard Weiss**
14)    **Lew Grill**
15)    **Kevin Marajh**
16)    **Rose Figueroa**
17)    **Spencer McInvaille**
18)    **Sean Mulholland**
19)    **Andrew Wesley White, MD**
20)    **Any witness identified by Plaintiff**
21)    **Any applicable records custodian for any record or document listed on either Defendants' Exhibit List.**

**NOTE:**    **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>THREE</u> COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

16.    All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>. All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

     (a)    A list of documents and physical evidence submitted as joint exhibits.

     (b)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.

   **c. By Plaintiff:**

(1) **Medical records from Brooks Rehabilitation**
(2) **Medical records from Century Ambulance**
(3) **Medical records from Glynn County Fire Department EMS**
(4) **Medical records from Hanger Clinic**
(5) **Medical records from Heartland EMS**
(6) **Medical records from Mayo Clinic**
(7) **Medical records from Southeast Georgia Health System – Brunswick**
(8) **Medical records from UF Health – Gainesville**
(9) **Medical records from UF Health – Jacksonville**
(10) **A summary of any and all medical expenses incurred by Plaintiff**
(11) **Medical bill from Brooks Rehabilitation**
(12) **Medical bill from Century Ambulance**
(13) **Medical bill from Cooperative Healthcare Services Inc.**
(14) **Medical bill from Glynn County Fire Department EMS**
(15) **Medical bill from Hanger Clinic**
(16) **Medical bill from Heartland EMS**
(17) **Medical bill from Mayo Clinic**
(18) **Medical bill from Southeast Georgia Health System – Brunswick**
(19) **Medical bill from UF Health – Gainesville**
(20) **Medical bill from UF Health – Jacksonville**
(21) **Medical bill from UF Health Physicians – Gainesville**
(22) **Medical bill from UF Health Physicians – Jacksonville**
(23) **Receipts for out-of-pocket expenses, including but not limited to, cost of prescription medication**
(24) **Employment records and/or Tax Returns of Plaintiff**
(25) **Life Table for Males: United States 2023, National Vital Statistics Reports**
(26) **Photographs of the Crash Site (to Include Extraction from Defendants' Exhibit 18)**
(27) **Google Maps Images of Crash Scene**
(28) **Photographs of Plaintiff, post-crash**
(29) **Photographs of Plaintiff, Pre-Crash**
(30) **Post-Crash Photographs of Plaintiff's Vehicle**
(31) **Post-Crash Photographs of Defendants' Semi-Truck**

[14]

(32)    **Dash Cam Video(s) of Defendants' Semi-Truck**

(33)    **Repair Estimate for Plaintiff's Vehicle**

(34)    **Repair Estimate for Defendants' Semi-Truck**

(35)    **Police Body Cam Video(s)**

(36)    **CDL Manuals**

(37)    **Any and all materials, reports, charts, demonstrative evidence, etc. prepared and/or utilized by any expert witness**

(38)    **Life Care Plan by Robert P. Tremp, Jr., MA, CRC, CLCP**

(39)    **Vocational Report by Robert P. Tremp, Jr., MA, CRC, CLCP**

(40)    **Economic Report(s) by J. Rody Borg, Ph.D.**

(41)    **Any and all interrogatories, answers and exhibits thereto that will be or have been filed in this matter**

(42)    **Any and all requests to produce, responses and exhibits thereto that will be or have been filed in this matter**

(43)    **Any and all Depositions, to include but not be limited to transcripts, videos, exhibits, that will be or have been taken and/or filed in this matter**

(44)    **Driver Qualification File (Defendants' Bates 101 - 188)**

(45)    **Tractor Maintenance File (Defendants' Bates 12 - 19)**

(46)    **Driver Logs (Defendants' Bates 38 - 84)**

(47)    **Driver Medical File (Defendants' Bates 92 - 100)**

(48)    **Defendant's Cell Phone Records (Defendants' Bates 189 - 190)**

(49)    **911 Calls**

(50)    **Driver Employee Manual**

(51)    **Medical records of any and all treating physicians, medical providers and medical facilities pertaining to the medical care, treatment and/or services rendered to or on behalf of Plaintiff.**

(52)    **Curriculum vitae of any and all treating physicians, experts and medical providers providing medical care, treatment and/or services to or on behalf of Plaintiff**

(53)    **All diagnostic studies of Plaintiff**

(54)    **Any and all surgical and/or medical procedure**

demonstrative graphic(s)

**(55)**    **AMA Guides to the Evaluation of Permanent Impairment, 6th Edition**

**(56)**    **Any and all demonstrative aids including animations**

**(57)**    **Any and all exhibits listed by Defendant(s)**

**(58)**    **Any and all exhibits listed hereafter and noticed to Defendant(s)**

**(59)**    **Enlargements and/or animation of any exhibit**

**(60)**    **All exhibits which may be discovered as this litigation proceeds**

**(61)**    **Plaintiff reserves the right to amend this Exhibit List as additional documents may be discovered as this litigation proceeds**

**(62)**    **Plaintiff reserves the right to object to any of the exhibits or records listed by Defendants and reserves the right to add additional exhibits as identified by subsequent discovery after the date of the pretrial**

**See attached Defendants' Evidence List, Attachment "D."**

**Defendants hereby preserve their objections as previously set forth in their filed Objections and also incorporate their arguments *in limine*, noting that Plaintiff's Exhibits 51 through 62 were added to the exhibit list after the filing of those objections and motions. With particular respect to the medical records, Defendants have invited Plaintiff to circulate a proposed consent exhibit capturing all medical records to be tendered at trial, with the goal of avoiding the need to call records custodians if the parties can reach agreement.**

Objections and reasons therefore shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted when tendered at trial.</u>

    (c)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

    Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted</u> <u>when tendered at trial.</u>

(d)    Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)    The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

**NOTE:**    **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>THREE</u> COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE. All exhibits shall be cross- initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

17.    List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

(a)    Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b)    The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

**Plaintiff's witnesses to testify via deposition:**

    a. **Defendant James Bradford Thomas (designations attached hereto as Exhibit F)**
    b. **Corporate Representative of Marten Transport, LTD, Dan King (designations attached hereto as Exhibit G)**
    c. **Corporate Representative of Marten Transport LTD, Rebecca**

**Rivera (designations attached hereto as Exhibit H)**

**Defendant's witnesses to testify via deposition:**

1) **Clinton Williams**
2) **Daisy Lara**
3) **David Chaney**
4) **Mariana Villareal**
5) **Blake Becknell**
6) **Officer Mario Nichols**
7) **Officer Steven McKinney**
8) **Kelly Mahoney**
9) **Kevin Marajh**
10) **Rose Figueroa**

**Defendants provide Attachment "E" which sets forth the specific deposition pages and lines to be offered.**

18.    Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

**Defendants incorporate herein their prior briefing as set forth in their Motions for Summary Judgment (Dkt. 109, 133), Motion to Bifurcate (Dkt. 92), Motion to Dismiss (Dkt. 78, 85), Motion to Compel (Dkt. 46, 58), and their Motions in Limine identified above. Defendants additionally provide a memorandum of authorities pertaining to the admissibility of alcohol consumption evidence. (Dkt. 148). Defendants reserve the right to file additional trial briefs, motions in limine, and memorandum of authorities as warranted.**

19.    Plaintiff(s)' counsel estimates_____5___(days) (hours) to present plaintiff(s)' case; defendant(s)' counsel estimates__2 days_____ to    present the defense.

20.    Plaintiff(s) ____ **has** ____ ~~has not~~ offered to settle.
       Defendant(s) ____ **has** ____ ~~has not~~ offered to settle.

It appears at this time that there is

      \_\_\_ A good possibility of settlement.
       X  Some possibility of settlement.
      \_\_\_ No possibility of settlement.

The parties _____do\_\_\_\_ ~~do not~~ wish to confer with the Court regarding settlement.

21.    State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

**Defendants note again their pending Motion to Amend and Withdraw Automatic Admissions.**

**Defendants invoke the Rule of Sequestration.**

22.    State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

**Defendants have previously filed a Motion to Bifurcate, which this Court denied. Defendants hereby renew and preserve their Motion to Bifurcate as set forth in their previous briefing.**

**Defendants suggest, pursuant to the Rule of Completeness, that if Plaintiff calls a witness in his case in chief or plays deposition excerpts during his case in chief, that Defendants be allowed to complete the examination and/or presentation of such witness. This will serve the convenience of the witnesses as well as the jury and is likely to speed trial.**

23.    In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.

**See attached Defendants' proposed special verdict form as Attachment "C-1."**

See attached Plaintiff's proposed special verdict form as Attachment "C-2."

24.    In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

**Not applicable.**

25.    The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

> **IT IS HEREBY ORDERED** that the foregoing constitutes a **PRETRIAL ORDER** in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this **PRETRIAL ORDER** shall not be amended except by **ORDER OF THE COURT.**

**SO ORDERED** this 23rd day of September, 2025.

_____
HONORABLE LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

*Prepared by:*

*/s/ Jeffrey J. Humphries*
**JEFFREY J. HUMPHRIES, ESQUIRE**
Georgia Bar No. 664580
MORGAN & MORGAN
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
jhumphries@forthepeople.com
*Attorney for Plaintiff*

*/s/ Zach Matthews*
**ZACH MATTHEWS, ESQUIRE**
Georgia Bar No. 211231
**LUKE KENNEDY, ESQUIRE**
Georgia Bar No. 750299
McMICKLE, KUREY & BRANCH, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
zmatthews@mkblawfirm.com
bbinder@mkblawfirm.com
mstonkus@mkblawfirm.com
rfigueroa@mkblawfirm.com
sramage@mkblawfirm.com
tgreen@mkblawfirm.com
lkennedy@mkblawfirm.com
dwright@mkblawfirm.com
*Counsel for Defendants*

**ANNE RODGERS, ESQUIRE**
Georgia Bar No. 413569
**JOSHUA S. WOOD, ESQUIRE**
Georgia Bar No. 881696
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
ARodgers@wwhgd.com
jwood@wwhgd.com
*Counsel for Defendants*

**LAURIE WEBB DANIEL, ESQUIRE**
Georgia Bar No. 204225
WEBB DANIEL FRIEDLANDER LLP
75 14th St. NE, Suite 2450
Atlanta, GA 30309
Laurie.Daniel@webbdaniel.law
*Counsel for Defendants*