IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JONATHAN HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> JAMES BRADFORD THOMAS and MARTEN TRANSPORT, LTD., <br><br> Defendants. | CIVIL ACTION FILE NO.: <br> 2:22-cv-00066-LGW-BWC |

### DEFENDANTS' TRIAL BRIEF REGARDING APPORTIONMENT OF FAULT AND DAMAGES

Pursuant to the Court's request, Defendants hereby submit this trial brief on the proper presentation to the jury of Georgia law on apportionment of fault and damages.

Because this is a diversity action, this Court will apply substantive state law, looking to the decisions of the Georgia Supreme Court and the Georgia Court of Appeals. *Georgia Dep't of Admin. Servs. v. Zhang*, 819 F. App'x 684, 687 (11th Cir. 2020).

Georgia law provides that a jury **must** apportionment fault between a plaintiff and defendant(s) where the plaintiff is in some degree responsible for his own harm:

1

> Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, *shall* determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

O.C.G.A. § 51-12-33(a) (emphasis added). Thus, by statute, the jury's role is to determine fault, and it is then the Court's role to reduce the amount of damages awarded. In addition, where a jury finds the plaintiff's fault to be 50% or greater, his recovery is entirely precluded:

> Notwithstanding the provisions of this Code section or any other provisions of law which might be construed to the contrary, the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.

O.C.G.A. § 51-12-33(g).

The question then becomes how a jury ought to be informed of these provisions of Georgia law. There is a Georgia pattern jury charge, which Plaintiff has requested in full, and Defendants agree with in part. (Doc. 217 at 66-67 (citing Georgia Pattern Jury Instruction No. 66.810)). The pattern charge, consistent with O.C.G.A. § 51-12-33(a), informs the jury that they should not make any reduction in the amount of damages because of the plaintiff's negligence, if any, and that "if you find that the plaintiff was negligent in any degree, the court will reduce the total amount of damages awarded by the percentage of negligence which you attribute to the plaintiff." (*Id*.). Up to this point, the parties agree.

2

The last sentence of the pattern charge informs the jury that: "If you find that the negligence of the plaintiff is equal to or greater than the negligence of the defendant(s), then the plaintiff is not entitled to recover damages." As noted in their position statement in the Joint Requests to Charge (Doc. 217 at 67), Defendants acknowledge that the Georgia Court of Appeals has held that it is reversible error to fail to instruct a jury on the consequences of O.C.G.A. § 51-12-33(g). *Durham v. Dollar Tree Stores, Inc.,* 360 Ga. App. 548, 553–54, 859 S.E.2d 620, 625-26 (2021) (citing the pattern jury instruction) (physical precedent only); *see also Bailey v. Annistown Rd. Baptist Church, Inc.,* 301 Ga. App. 677, 682-83, 689 S.E.2d 62, 69-70 (2009) (holding that "the initial failure to charge on subsection (g) was harmful as a matter of law" and upholding second verdict apportioning 49% fault to plaintiff, rendered after jury was fully and properly charged on the law). But Defendants submit that the decisions in *Durham* and *Bailey* are in error and, therefore object to the inclusion of this line for purposes of appellate preservation. *See Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000) ("Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law.") The jury's only statutory role is to determine the parties' percentages of fault, which does not require that they be informed of the consequences of their apportionment. Defendants contend

that this sentence is irrelevant to the jury's decision and tends to encourage the jury to apportion less fault to plaintiff and/or unduly inflate their damages award. Accordingly, Defendants wish to preserve their ability on appeal to request that the Eleventh Circuit certify a question on this issue to the Georgia Supreme Court.

But the Plaintiff goes beyond asking for this jury instruction and seeks to have this Court restate those instructions on the face of the verdict form. (Doc. 212 at 8 (proposing that the verdict form contain on its face the admonition that if the jury were to find Plaintiff "50% or more responsible for negligently causing his own loss," they should "award no damages" and further instructing the jury not to make any reductions to their damages award due to the negligence of plaintiff)).

To this, Defendants strenuously object. It is not only unnecessary and cumulative in light of the pattern jury instruction, but it would be severely prejudicial to the Defendants to have these statements before the jury on the face of the verdict form as they perform their deliberations. The jury will already know of the law through the pattern jury instructions. So the only possible reason for having these statements on the face of the verdict form, right under the place where they will perform their apportionment, is to unduly sway the jury to apportion less fault to plaintiff and/or to unduly inflate their damages award to account for the court's offset. They place undue emphasis on these instructions, putting a thumb, as it were, on the scales in Plaintiff's favor.

4

The Georgia pattern jury charge on apportionment – to which the parties have substantially agreed – also contains a sample verdict form. And *nowhere* on that sample form does it contain either of the admonitions requested by the Plaintiff here. (*See* sample verdict form at Georgia Pattern Jury Instruction No. 66.810, which merely, as to apportionment, instructs the jury to "determine the percentage of fault for each [party]. If you find no fault, then you should place a "0" by that name. Your allocation of fault must add up to 100%." Thus, the framers of Georgia's pattern instructions intended for these concepts to be introduced to the jury only through the instructions and not also in the verdict form.

Jury instructions and verdict forms should be examined "as a whole to determine whether they fairly and adequately address the issue and correctly state the law." *Gowski v. Peake*, 682 F.3d 1299, 1314 (11th Cir. 2012); *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1072 (11th Cir. 1996) (explaining that the standard for jury instructions also applies to verdict forms). Allowing Plaintiff's proposed statements as to the 50% rule and the court's reduction of any damages awarded would be unfair – undue persuasion on a form that is meant to be neutral. Considering that the verdict form is provided by the Court, including these statements on the face of the form could well leave the jury with the untrue impression that the Court takes a sympathetic view of Plaintiff's case or wishes them to apportion less than 50% fault to Plaintiff.

Defendants submit that giving the pattern jury charge on apportionment, subject to their objection, and a verdict consistent with their own proposed form is both fair and adequately addresses the apportionment issue.

Respectfully submitted this 24th day of September, 2025.

|  |  |
|---|---|
|  | WEINBERG WHEELER HUDGINS GUNN & DIAL |
|  | */s/ Joshua S. Wood* |
| 3344 Peachtree Road NE, Ste. 2400 | JOSHUA S. WOOD |
| Atlanta, GA 30326 | Georgia Bar No: 881696 |
| Phone: 404-832-9554 | ANNE E. RODGERS |
| Fax: 404-875-9433 | Georgia Bar No: 413569 |
| jwood@wwhgd.com | ***Attorneys for Defendants*** |
| arodgers@wwhgd.com |  |
|  |  |
|  | McMICKLE, KUREY & BRANCH, LLP |
|  | */s/ Zach M. Matthews* |
| 217 Roswell Street, Suite 200 | ZACH M. MATTHEWS |
| Alpharetta, GA 30009 | Georgia Bar No: 211231 |
| Phone: 678-824-7800 | LUKE R. KENNEDY |
| Fax: 678-824-7801 | Georgia Bar No: 750299 |
| zmatthews@mkblawfirm.com | ***Attorneys for Defendants*** |
| lkennedy@mkblawfirm.com |  |
|  |  |
|  | WEBB DANIEL FRIEDLANDER LLP |
|  | */s/ Laurie Daniel* |
| 75 14th St. NE, Ste. 2450 | LAURIE WEBB DANIEL |
| Atlanta, GA 30309 | Georgia Bar No: 204225 |
| Phone: 404-433-6430 | SKYLER G. McDONALD |
| Laurie.Daniel@webbdaniel.law | Georgia Bar No: 599142 |
| Skyler.mcdonald@webbdaniel.law | ***Attorneys for Defendants*** |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jeffrey J. Humphries
Matthew J. Grossman
Brian J. Lee
Brian K. McClain
Brandi A. Gartrell
Gabriel G. Mendoza
Morgan & Morgan
501 Riverside Ave, Ste 1200
Jacksonville, FL 32202
jhumphries@forthepeople.com
mgrossman@forthepeople.com
blee@forthepeople.com
bmcclain@forthepeople.com
bgartrell@forthepeople.com
gabriel.mendoza@forthepeople.com
***Attorneys for Plaintiff***

This 24th day of September 2025.

WEBB DANIEL FRIEDLANDER LLP

*/s/ Laurie Daniel*
LAURIE W. DANIEL
Georgia Bar No: 204225
SKYLER G. McDONALD
Georgia Bar No: 599142

75 14th St. NE, Ste. 2450
Atlanta, GA 30309
Phone: 404-433-6430
Laurie.Daniel@webbdaniel.law
Skyler.mcdonald@webbdaniel.law

***Attorneys for Defendants***